## In re EAGLE PAINT & VARNISH CO.

### No. 10181.

District Court, W. D. Pennsylvania.

Nov. 1, 1933.

Frank K. Willmann, of Pittsburgh, Pa., for Insurance Co.

Lewis M. Alpern, of Pittsburgh, Pa., for Midland Linseed Prod. Co.

W. B. Adair, of Pittsburgh, Pa., referee.

SCHOONMAKER, District Judge.

The trustee, Robert C. Sproul, petitioned the referee for leave to retain Lewis M. Alpern, Esq., and Sidney J. Watts, Esq., as attorneys in the matter of this estate.

Lewis M. Alpern had already been acting as attorney for the former trustee of the estate, Elliott Frederick, who had been removed; and Alpern's appointment was refused, because the referee was of the opinion that Alpern was disqualified immediately, by the fact that he represented the former trustee.

We cannot see that this fact of itself would disqualify Alpern. Whether he was disqualified in fact would depend upon his connection, if any, with the causes which led to the removal of the former trustee. As counsel for the former trustee, appointed with leave of court, he had a duty to perform as to this estate, both to the court and to the estate; and his relation with the former trustee was not so personal as to disqualify him by that fact alone.

Each case, as we view it, must be decided upon its own facts. We can conceive of a situation where the facts of the case would be such that the attorney for the former trustee ought not to be retained as counsel for the new one. If there are such facts in the instant case, they should be found by the referee as disqualifying facts. Without such finding, we cannot approve the order of the referee as to Lewis M. Alpern. The case will be referred back to the referee as to Alpern, to ascertain whether or not there are any facts in this case which would disqualify Alpern

from serving as attorney for the present trustee.

■ As to Sidney J. Watts, it appeared that he at one time acted as personal counsel for Elliott Frederick in matters involving the conduct of Elliott Frederick as receiver and trustee in bankrupt estates in this court. We think that would disqualify him and that the referee was right in refusing to appoint him as counsel.

### Order of Court.

Now, November 1, 1933, this case came on to be heard on certificate to review an order of the referee made the 26th of March, 1932, denying the petition of Robert C. Sproul for leave to employ Lewis M. Alpern and Sidney J. Watts as his attorneys.

And on due consideration thereof, the order of the referee is confirmed so far as concerns Sidney J. Watts, Esq., but is referred back to the referee so far as concerns Lewis M. Alpern, Esq., to ascertain and find whether or not, as a matter of fact, his relations with the former trustee, Elliott Frederick, were such as to disqualify him from acting as counsel for the new trustee, Robert C. Sproul.