**ELLERBEE v. ADERHOLD, Warden.**

No. 795.

District Court, N. D. Georgia, Atlanta Division.

Feb. 28, 1934.

Zewadski & Pierce, of Tampa, Fla., for petitioner.

Clint W. Hager, U. S. Atty., and H. T. Nichols, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was indicted on September 23, 1932, in the District Court of the United States for the Southern District of Florida for violating the National Prohibition Act (27 USCA). He was convicted and sentenced on December 1, 1932, to serve a term of a year and a day in the penitentiary. Commitment issued, and he entered upon the execution of his sentence on November 2, 1933.

He was received at the Atlanta Penitentiary on November 4, 1933, and it is from this custody that he seeks release in this proceeding, on the ground that, upon the repeal of the Eighteenth Amendment, his detention thereafter became unlawful, since there was no law authorizing it.

■ It is now settled that no further proceedings can be had, since the ratification of the Twenty-First Amendment, to enforce the National Prohibition Act in pending cases where no final judgment has been rendered, whether the cases are pending in the trial court or on appeal. United States v. Chambers and Gibson, 54 S. Ct. 434, 436, 78 L. Ed. ——, decided February 5, 1934; Smallwood v. United States (C. C. A. 5th) 68 F.(2d) 244, decided December 19, 1933; Green v. United States (C. C. A. 9th) 67 F.(2d) 846, decided December 14, 1933.

■ But, as stated by the Supreme Court in United States v. Chambers and Gibson, supra, the above decisions were "not dealing with a case where final judgment was rendered prior to that ratification. Such a case would present a distinct question which is not before us."

This new and distinct question is now presented for decision in this case. It is not a question of continuance by the courts or the executive of the prosecution of petitioner after the repeal of the Eighteenth Amendment, which rendered the National Prohibition Act inoperative, nor of an attempt by Congress or the courts to give the amendment or the act continued vitality, nor of the exercise of any power or authority derived from the amendment or act; but it is a question of the exercise by the executive of the power, amply provided by other provisions of the Constitution and federal laws, to enforce a valid judgment of a federal court.

The application of the Twenty-First Amendment was not retroactive, but prospective. Immediately upon its ratification no further powers could be exercised which were dependent solely upon authority given by the Eighteenth Amendment or the National Prohibition Act, but it did not make innocent past acts which were crimes when committed, nor pardon those who had committed them, but merely made acts of such character noncriminal for the future and took away from the courts the power to proceed further in the prosecution of such crimes where final judgment had not been rendered prior to the ratification of the Twenty-First Amendment.

█ Petitioner committed his offense, was tried, convicted, sentenced, and entered upon the execution of his sentence while the National Prohibition Act was in force. He had no appeal pending when this act was made inoperative by the ratification of the Twenty-First Amendment, and his rights and obligations must be determined throughout the term of his sentence by its provisions.

The ratification of the Twenty-First Amendment did not void the judgment of the court nor operate as a pardon, and its enforcement by the executive does not require any authority derived from the Eighteenth Amendment or the National Prohibition Act, but only general executive powers derived from other provisions of the Constitution and other federal laws, imposing upon the executive the authority and the duty to see that all valid judgments of the federal courts are executed.

Since, therefore, the repeal of the Eighteenth Amendment had no effect upon valid final judgments which had previously been rendered and there is no necessity for invoking any powers granted by the Eighteenth Amendment or the National Prohibition Act to enforce these judgments, it results that petitioner's present detention under a valid judgment cannot now be interfered with by this court and that any release therefrom could only be secured through executive clemency.

Wherefore it is considered, ordered, and adjudged that the writ of habeas corpus be, and the same is hereby, discharged, and it is further ordered that petitioner be remanded to the custody of respondent.