## MASSEY v. UNITED STATES.

No. 707. Argued March 5, 1934.—Decided March 12, 1934.

Mr. *Edward F. Colladay,* with whom *Mr. William A. McClellan* was on the brief, for petitioner.

*Solicitor General Biggs,* with whom *Mr. W. Marvin Smith* was on the brief, for the United States.

PER CURIAM.

It appeared, on rehearing, that the petitioner and others were indicted on March 4, 1932, in the District Court of the United States for the Southern District of Indiana for conspiring to violate the National Prohibition Act; that the petitioner was found guilty by a jury on May 20, 1932, and, with others, was sentenced to fine and imprisonment by a judgment entered in that court on June 3, 1932; that, on appeal, the judgment, as to the petitioner, was affirmed by the United States Circuit Court of Appeals for the Seventh Circuit on August 7, 1933, and that a petition for rehearing duly filed by him in that court was denied on October 10, 1933. It further appeared that on October 11, 1933, the Circuit Court of Appeals, upon consideration of a motion by the petitioner for a stay of mandate pending a petition to this Court for writ of certiorari, stayed its mandate until its further order, and ordered that the petitioner proceed with diligence and promptly file the petition for writ of certiorari in this Court. Petition for writ of certiorari was filed in this Court on January 6, 1934 and within the time provided by law.

The Solicitor General appeared on behalf of the Government upon the rehearing and stated his view to be that this case is controlled by the decision in *United States*

v. *Chambers, ante,* p. 217, and that the judgment of the court below should be reversed.

The Court is of the opinion that it appears from the record that no final judgment was rendered herein against the petitioner prior to the ratification of the Twenty-first Amendment. The judgment of the Circuit Court of Appeals, as entered in the cause of this petitioner, is accordingly reversed, and the cause is remanded to the District Court with direction to vacate that part of its judgment which sentences this petitioner, and to dismiss the indictment as to him. *United States* v. *Chambers, ante,* p. 217.

*Reversed.*