**UNITED STATES ex rel. NERBONNE v. HILL.**

**No. 5408.**

Circuit Court of Appeals, Third Circuit.

April 18, 1934.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a writ of habeas corpus by Judge Johnson.

The relator was tried, convicted, and sentenced on September 14, 1932, in the United States District Court for the District of New Hampshire for transporting two gallons of intoxicating liquor fit for beverage purposes in violation of the National Prohibition Act (27 USCA).

The relator was sentenced to three years imprisonment, this being his fourth offense.

He contends that the repeal of the National Prohibition Act makes it illegal for him to serve the balance of his term. He applied to the District Court of the United States for a writ of certiorari, but that was denied. He is now prosecuting this appeal from the denial of the writ by Judge Johnson. In the U. S. v. Chambers Case, 54 S. Ct. 434, 436, 78 L. Ed. ——, 89 A. L. R. 1510, the Supreme Court expressly excluded from the scope of that opinion persons who were serving sentences upon final judgments. It said: "We are not dealing with a case where final judgment was rendered prior to that ratification. Such a case would present a distinct question which is not before us."

However, the United States District Court for the Northern District of Georgia had that exact question, here involved, before it in the case of Irvin Ellerbe v. A. C. Aderhold, Warden of the United States Penitentiary at Atlanta, Ga., 5 F. Supp. 1022, 1023, and held in an opinion filed February 29, 1934, that the repeal of the National Prohibition Act "did not void the judgment (final) of the court nor operate as a pardon." The law seems to be well settled that a repeal, after final judgment, will neither vacate the judgment nor arrest the execution of a sentence partly executed under that judgment. In re Kline, 70 Ohio St. 25, 70 N. E. 511, 1 Ann. Cas. 219; State v. Addington, 2 Bailey (S. C.) 516, 23 Am. Dec. 150; Ex parte Andres, 91 Tex. Cr. R. 93, 237 S. W. 283.

The District Judge did not err in denying the writ of habeas corpus, and his order is affirmed.