922

UNITED STATES ex rel. VOORHEES v.
HILL, Warden.
No. 38.

District Court, M. D. Pennsylvania.
May 5, 1934.

Frank J. Voorhees, in pro. per.

Leo G. Knoll, Asst. U. S. Atty., of Scranton, Pa., for respondent.

JOHNSON, District Judge.

Frank J. Voorhees, the petitioner, was indicted for the violation of the National Prohibition Act (27 USCA), and on October 24, 1932, Voorhees pleaded guilty and was sentenced, the docket entry showing: "October 24, 1932, * * * Defendant Voorhees sentenced to pay a fine of $200 * * * without costs and stand committed. And to be imprisoned for 18 months at a Penitentiary or Prison Camp and execution of 18 months suspended and defendant placed on probation."

Voorhees violated his probation and was brought before the sentencing court. On December 8, 1933, after repeal of the Eighteenth Amendment, the court made the following order: "Order of probation revoked and suspension of sentence revoked and defendant remanded to custody of Marshal for execution of sentence of 18 months in a Penitentiary or Prison Camp without costs."

Voorhees presented to this court a petition for a writ of habeas corpus seeking his release from imprisonment for the reason that his sentence was illegal and that the sentencing court was without jurisdiction to proceed after repeal of the Eighteenth Amendment. This court thereupon ordered the issuance of a writ of habeas corpus.

It is well settled that the repeal of the Eighteenth Amendment did not void final judgments of the courts. Ervin Ellerbee v. A. C. Aderhold, Warden of the U. S. Penitentiary at Atlanta, Ga., 5 F. Supp. 1022 (opinion filed February 29, 1934, D. C. N. D. Ga.); U. S. ex rel. Alfred R. Nerbonne, Appellant, v. Henry C. Hill, Warden, Appellee, 70 F.(2d) 1006 (opinion filed April 18, 1934, C. C. A. 3d ); U. S. v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. ——, 89 A. L. R. 1510 (decided Feb. 5, 1934).

The question presented by this case is whether a final judgment was rendered on October 24, 1932, before repeal of the Eighteenth Amendment.

In Miller v. Aderhold, 288 U. S. 207, 53 S. Ct. 325, 326, 77 L. Ed. 702, the Supreme Court said: "In a criminal case final judgment means sentence." Therefore if sentence was finally imposed on Voorhees on October 24, 1932, the judgment was final and the writ of habeas corpus must be dismissed.

Under the Prohibition Act the court has power "to suspend the imposition or execution of sentence." Archer v. Snook (D. C.) 10 F.(2d) 567, 569. In the first alternative no sentence is imposed; in the second alternative the court imposes sentence but suspends the execution of the sentence already imposed. The record in this case shows that the sentencing court imposed a sentence of 18 months but suspended the execution of the sentence. It has been held that the suspension of the execution of a judgment in a criminal case, unaccompanied by any pending motion for a rehearing or modification of the judgment or other proceedings taken at the term of court when the judgment was rendered, leaves the judgment in full force. U. S. v. Pile, 130 U. S. 280, 9 S. Ct. 523, 32 L. Ed. 904.

In 36 Op. Attys. Gen., 186, it is said:

"The suspension of execution of sentence or grant of probation are acts separate and distinct from the judgment or sentence of the court and can not be regarded as being part of such judgment or sentence. * * *

"After sentence has been imposed, even though its execution has been suspended, it is still a final judgment from which appeal

must be taken in apt time in order to preserve the defendant's rights thereto. * * * Where, however, a sentence has been once imposed and only execution suspended; and the suspension of execution is revoked, the original sentence then becomes operative and may be enforced. * * * Apart from statute, an order suspending execution of a sentence can not be regarded as altering the sentence or setting it aside. United States v. Pile, 130 U. S. 280 [9 S. Ct. 523, 32 L. Ed. 904]. And the suspension of execution of sentence under the Probation Act should be regarded not as changing the original sentence or final judgment of the court, but merely as relieving the defendant from the execution thereof, subject to later revocation of the suspension within the time limits specified by the Act. If this view is correct, then, when a sentence has been once imposed and execution suspended, the court is not empowered by the Act, upon revocation of the suspension of execution, to impose a new sentence in lieu of that originally imposed."

Sentence in the instant case having been imposed on October 24, 1932, the judgment was therefore final, no appeal or other proceedings having been taken at that term. The revocation, on December 8, 1933, of the probation and suspension of execution of sentence (without modifying the original sentence) had the effect of merely executing, carrying into effect, and satisfying the original and final judgment or sentence of October 24, 1932. If the sentencing court did not have the power to carry into effect this final judgment rendered before repeal, a final judgment would mean nothing.

And now, May 5, 1934, the writ of habeas corpus is dismissed.