## HOSIER v. ADERHOLD, Warden.
### No. 7377.

Circuit Court of Appeals, Fifth Circuit.
June 5, 1934.

Frank A. Doughman, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and H. T. Nichols, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

On November 19, 1933, J. W. Hosier, having been convicted upon an indictment charging a conspiracy to violate the National Prohibition Act, was duly committed to the Atlanta Penitentiary to serve a sentence of two years. At the time of his commitment the judgment against him had become final. Hosier et al. v. United States (C. C. A.) 64 F. (2d) 657; Id., 290 U. S. 677, 54 S. Ct. 100, 78 L. Ed. ——. In February, 1934, he filed a petition for habeas corpus, on the ground that all lawful authority to keep him in prison or deprive him of his liberty came to an end immediately upon repeal of the Eighteenth Amendment. The district judge, for reasons given by him in Ellerbee v. Aderhold, 5 F. Supp. 1022, refused to issue the writ; and Hosier appeals.

The ratification of the Twenty-First Amendment, which repealed the Eighteenth Amendment, was consummated on December 5, 1933, and not on November 7, 1933, before appellant's commitment, as he contends. United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510. The Twenty-First Amendment has taken away, as of the date of its ratification, the power to continue prosecutions begun under the National Prohibition Act (27 USCA) before repeal of the Eighteenth Amendment, or to enforce judgments of conviction which had not become final prior to ratification. United States v. Chambers, supra; Massey v. United States, 54 S. Ct. 532, 78 L. Ed. 1019. But that Amendment is prospective. It cannot in our opinion be made to apply retroactively to a case like this where the prosecution had been completed and a valid judgment entered before its adoption. That judgment, valid when rendered, remains valid, without the necessity of being constantly renewed, until satisfied by execution. Being valid, it is enforceable by execution as of course and without regard to subsequent elimination of the National Prohibition Act. This is so because the authority for the judgment is the law as it stood before repeal, and for the execution the judgment. The decisions on the subject, though there have not been many reported, without exception hold that the repeal of a criminal statute after final judgment does not arrest or interfere with execution of the sentence. State v. Addington, 2 Bailey (S. C.) 23 Am. Dec. 150; Foster v. Medfield (Mass.) 3 Metc. 1; In re Kline, 70 Ohio St. 25, 70 N. E. 511, 1 Ann. Cas. 219; Ex parte Andres, 91 Tex. Cr. R. 93, 237 S. W. 283; United States ex rel. v. Hill (C. C. A.) 70 F.(2d) 840 (3 C. C. A. decided April 18, 1934). Appellant cites and relies on Yeaton v. U. S. (The General Pinkney) 5 Cranch, 281, 3 L. Ed. 101; Maryland v. B. & O. R. R. Co., 3 How. 534, 11 L. Ed. 714; Norris v. Crocker, 13 How. 429, 14 L. Ed. 210; United States v. Tynen, 11 Wall. 88, 20 L. Ed. 153; Gulf, C. & S. F. R. Co. v. Dennis, 224 U. S. 503, 32 S. Ct. 542, 56 L. Ed. 860. The first of these being an admiralty case, the trial was de novo. In no one of them had the judgment become final before repeal of the basic statute; and clearly, therefore, none of them is in point in this case.

The order appealed from is affirmed.