## UNITED STATES v. IONOFF.
### No. 8716.

District Court, M. D. Pennsylvania.
Aug. 23, 1934.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

E. V. Compton, of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

On June 8, 1933, defendant pleaded guilty to an indictment, containing four counts, for violation of the National Prohibition Act (27 USCA), and on the same day was sentenced to pay a fine of $50 on the possession count and was placed on probation for one year on the remaining counts.

Defendant violated his probation, and a bench warrant was issued on December 9, 1933, to bring the defendant before the court, after ratification of the Twenty-First Amendment to the Constitution of the United States.

The question presented is whether, after ratification of the Twenty-First Amendment to the Constitution of the United States, this court can impose a jail sentence on a prohibition violator who has violated his probation, when no jail sentence has previously been imposed.

The sentence of June 8, 1933, did not impose a term of imprisonment. Without deciding whether said sentence of June 8, 1933, was a final judgment, this court cannot now for the first time impose a jail sentence for violation of the National Prohibition Act. If the said judgment was final, this court cannot now change or amend it, or impose a new sentence in lieu of that originally imposed. 36 Op. Attys. Gen. 186; U. S. v. Hill (D. C.) 6 F. Supp. 922, affirmed August 8, 1934, 72 F.(2d) 826 (C. C. A. 3rd Circuit); U. S. v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510.

If the judgment was not final, this court cannot now render a final judgment imposing a jail sentence. U. S. v. Chambers, supra.

And now, August 23, 1934, it is hereby ordered that the defendant be discharged.