## RIVES v. O'HEARNE.
### No. 6207.

United States Court of Appeals for the District of Columbia.

Argued Oct. 2, 1934.

Decided Nov. 5, 1934.

.Leslie C. Garnett, U. S. Atty., and William A. Gallagher and H. L. Underwood, Asst. U. S. Attys., all of Washington, D. C., for appellant.

Harry T. Whelan and William B. O'Connell, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

The superintendent of the jail of the District of Columbia appeals from an order of the Supreme Court of the District in a habeas corpus proceeding, instituted after the repeal of the Eighteenth Amendment, discharging a prisoner committed before the repeal, for a criminal contempt growing out of a violation of the National Prohibition Act (27 USCA).

The prisoner (appellee) was tried and sentenced for contempt in the court below on May 12, 1932, and on appeal the judgment was affirmed by this court (O'Hearne v. United States, 62 App. D. C. 285, 66 F.(2d) 933); certiorari was denied by the Supreme Court of the United States on November 6, 1933 (O'Hearne v. United States, 290 U. S. 683, 54 S. Ct. 120, 78 L. Ed. 589). On November 13, 1933, the contemnor was committed to jail to serve ten months. The Twenty-First Amendment, repealing the Eighteenth Amendment, was consummated on December 5, 1933. The habeas corpus proceeding was instituted on March 26, 1934, and the prisoner was discharged March 28, 1934.

It thus appears that before the Twenty-First Amendment was consummated, and, consequently, while the Eighteenth Amendment and the National Prohibition Act were in force, appellee was tried and sentenced for contempt, perfected and lost his appeal, and was committed to jail. His commitment was also long after the expiration of the term of court at which he was tried, and as he disappeared immediately upon his discharge and his present whereabouts are unknown, the controversy has somewhat the aspect of a moot case.

The case thus presents the precise question stated, but not decided, in United States v. Chambers, 291 U. S. 217, 226, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510, namely, does the Twenty-First Amendment invalidate a final judgment rendered before its consummation, by operation of its repeal of the Eighteenth Amendment and the National Prohibition Act?

The Twenty-First Amendment is cast wholly in terms of the present and future, with no language or provision looking to the past or intended to operate retrospectively, and it is well settled that repealing statutes operate in futuro only, unless a contrary purpose is clearly stated, and the same principle applies a fortiori to constitutional changes, as being of greater dignity and importance.

In White v. United States, 191 U. S. 545, 552, 24 S. Ct. 171, 172, 48 L. Ed. 295, the court said: "Where it is claimed that a law is to have a retrospective operation, such must be clearly the intention, evidenced in the law and its purposes, or the court will presume that the lawmaking power is acting for the future only, and not for the past; that it is enacting a rule of conduct which shall control the future rights and dealings of men, rather than review and affix new obligations to that which has been done in the past." See, also, United States v. Heth, 3 Cranch, 399, 414, 2 L. Ed. 479; Calhoun County v. Galbraith, 99 U. S. 214, 25 L. Ed. 410; Shreveport v. Cole, 129 U. S. 36, 9 S. Ct. 210, 32 L. Ed. 589; Southwestern Coal & Improvement Co. v. McBride, 185 U. S. 499, 22 S. Ct. 763, 46 L. Ed. 1010; United States v. American Sugar Ref. Co., 202 U. S. 563, 26 S. Ct. 717, 50 L. Ed. 1149; U. S. Fidelity Co. v. Struthers Wells Co., 209 U. S. 306, 314, 28 S. Ct. 537, 52 L. Ed. 804; San Antonio v. San Antonio Pub. Serv. Co., 255 U. S. 547, 41 S. Ct. 428, 65 L. Ed. 777; In re Kline, 70 Ohio St. 25, 70 N. E. 511, 1 Ann. Cas. 219; Ex parte Andres, 91 Tex. Cr. R. 93, 237 S. W. 283; Etchison Drilling Co. v. Flournoy, 131 La. 442, 59 So. 867; Robinson v. Askew, 129 S. C. 188, 123 S. E. 822; Foster v. Medfield, 3 Metc. (44 Mass.) 1; Cooley, Const. Lim. (8th Ed.), vol. I, pp. 136, 137.

Assuming that it would have been competent for the Congress to propose and for the people to adopt the Twenty-first Amendment in a form having a retrospective effect on penalties imposed but not yet performed under the Eighteenth Amendment which it repealed, this was not done, and it is not open to the courts to do so by assuming to read into the repealing amendment provisions which it does not contain. If it should be considered that undue hardship is thereby brought upon individuals, either few or many, the remedy lies with the legislative and executive departments of the government, which can relieve the situation by amnesty or by pardon.

██ The appellee asserts that he seeks no retrospective application of the Twenty-first Amendment, and that the fortune of war leaves him without remedy in respect of so much of his sentence as was served before the repeal of the Eighteenth Amendment, but that each day of his confinement thereafter is a new and distinct wrong inflicted upon him by executive power acting under the supposed authority of the Eight-

eenth Amendment and the National Prohibition Act. But judicial control of this case properly ended when the prisoner was committed to the prison, and execution of the sentence was undertaken by the executive. That duty of the executive rests not upon the Eighteenth Amendment or the National Prohibition Act but upon the constitutional and statutory obligation of the President to see that all laws are faithfully executed, and along with that constitutional duty goes the constitutional power to grant pardons in his grace and the interest of justice. Const. art. 2, § 2; U. S. C. tit. 18, cc. 22 and 23, § 691 et seq. (18 USCA § 691 et seq.); D. C. Code, 1929, T. 6, c. 12, § 401 et seq.; Ex parte Karstendick, 93 U. S. 396, 23 L. Ed. 889; In re Neagle (Cunningham v. Neagle), 135 U. S. 1, 10 S. Ct. 658, 34 L. Ed. 55; Logan v. United States, 144 U. S. 263, 12 S. Ct. 617, 36 L. Ed. 429; Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; U. S. v. Benz, 282 U. S. 304, 51 S. Ct. 113, 75 L. Ed. 354.

And this view of this question has been taken in three recent cases in the district and circuit courts. Ellerbee v. Aderhold (D. C. N. D. Ga.), 5 F. Supp. 1022; United States ex rel. Nerbonne v. Hill (C. C. A. 3d) 70 F.(2d) 1006, certiorari denied, 292 U. S. 634, 54 S. Ct. 719, 78 L. Ed. 1487; Hosier v. Aderhold (C. C. A. 5th) 71 F.(2d) 422.

The order of the Supreme Court of the District discharging O'Hearne is reversed.

Reversed.