### HUDSPETH, Warden, v. HUSHON.
### No. 1045.

Circuit Court of Appeals, Tenth Circuit.

Nov. 26, 1934.

S. S. Alexander, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., for appellant.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

980

BRATTON, Circuit Judge.

This is a proceeding in habeas corpus. The parties will be denominated as they were in the court below. Petitioner was convicted under the name of Carl Hall in the United States court for the Southern division of the Northern district of California, and sentenced to serve five years in the penitentiary at McNeil Island, Wash. The charge was violation of the Harrison Anti-Narcotic Act (26 USCA §§ 211, 691 et seq.). The commitment seasonably issued and he began serving that sentence on January 27, 1927. He escaped on April 13, 1927, still having 1,750 days to serve, and remained at large until September 27, 1928. On the latter date he was apprehended at Birmingham, Ala., charged with another violation of the same statute. He was indicted in the United States court for the Southern division of the Northern district of Alabama, and sentenced to serve two years in the penitentiary at Atlanta, Ga. The sentence provided that it should begin at the expiration of a sentence imposed by a state court. Petitioner was subsequently transferred by an administrative order of the Attorney General to the penitentiary at Leavenworth, Kan., to serve the remainder of both sentences. Respondent, as warden of that institution, holds both commitments. The trial court granted the writ, and respondent appealed.

The single question presented for our consideration is whether the two sentences ran concurrently. If so, they have expired and petitioner is entitled to be freed. If not, he has additional time to serve and should be remanded. It is alleged in the petition that, at the time the second sentence was imposed, the court in Alabama knew of the former sentence. It may be that, if the record sustained the allegation and the subsequent sentence failed to provide that it should operate consecutively to the previous one, petitioner could be heard to say with some force that they were concurrent. But no mention was made in the sentence of the court in Alabama of the one imposed in California. There is nothing to indicate even remotely that the court in Alabama knew that petitioner was an escaped convict and, in the exercise of its discretion, intended that its sentence should run concurrently with the unexpired portion of the previous one. We recently considered at length the question presented here, reviewed the authorities, and held that in such circumstances the two sentences run consecutively. Zerbst v. Walker (C. C. A.) 67 F.(2d) 667. That decision governs

this case. Nothing can be appropriately added to what was said there.

The order of discharge is reversed, and the cause remanded, with direction to vacate it and remand petitioner to the custody of respondent.