**UNITED STATES ex rel. CHERAMIE v. DUTTON, United States Marshal.***
**No. 7346.**

Circuit Court of Appeals, Fifth Circuit.
Jan. 10, 1935.

Rehearing Denied Feb. 9, 1935.

Jno. W. Harrell, of New Orleans, La., for appellant.

Rene A. Viosca, U. S. Atty., Saul Stone, Asst. U. S. Atty., and William H. Norman, Sp. Asst. U. S. Atty., all of New Orleans, La., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus and remanding the petitioner to the custody of the marshal for the Eastern District of Louisiana, for commitment to the Atlanta Penitentiary.

*Rehearing denied Feb. 9, 1935.

Appellant was convicted as charged in two cases. In the first an indictment in two counts charged him with entering into a conspiracy; in one to import and transport intoxicating liquor, and in the other to import intoxicating liquor. Both offenses were laid in 1928, and the same overt acts were alleged in each count. Appellant was sentenced on the first count to serve 12 months and to pay a fine of $1,000, and on the second to serve 2 years in the penitentiary, but the second sentence was suspended and he was placed on probation for a period of 5 years. In the second case appellant was indicted and convicted in 1932 for possessing and transporting intoxicating liquor in violation of the National Prohibition Act (27 USCA § 1 et seq.) and sentenced to serve 15 months in the penitentiary. At the same time his suspended sentence was revoked, but made to run concurrently with the one last imposed. Appeals were taken, but they were dismissed for want of prosecution, and the sentences became final on November 2, 1933, or before the effective date of the repeal of the Eighteenth Amendment. Appellant, however, did not promptly surrender himself for the purpose of undergoing the punishment imposed, but on the contrary was allowed to remain at large until February 20, 1934, when he appeared before the District Judge and applied for further postponement of the execution of the sentences; and was by order of the District Judge permitted to remain at liberty for 30 days more. In March appellant surrendered to the marshal, but immediately applied for a writ of habeas corpus by which he sought to procure his unconditional release from custody on the grounds (1) that he had served the only valid sentence imposed in the first case, and (2) that as to both cases, the Eighteenth Amendment having been repealed, under the decision of the Supreme Court in United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510, the court was powerless to order him committed to the penitentiary.

In support of his first contention, appellant relies on our decision in Bertsch v. Snook, 36 F.(2d) 155; but it is immaterial at this time to inquire whether this position is tenable, for in any event appellant, not having served any part of the sentence imposed in the second case, is not entitled to be set free. We think that at least the second sentence remains valid and enforceable notwithstanding the repeal of the Eighteenth Amendment. And we think so because the judgment was valid when rendered, and remained valid without the necessity of being constantly renewed, as was held by this court in Hosier v. Aderhold, 71 F.(2d) 422. There was no suspension of the sentence in the second case, but there was merely a postponement, a withholding at appellant's request, of the order of commitment.

The judgment is affirmed.