408

## UNITED STATES v. EDWARDS.
### No. 6852.

District Court, W. D. Louisiana, Opelousas Division.

March 25, 1935.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La., for the United States.

A. M. Guilbeau, of Opelousas, La., for defendant.

DAWKINS, District Judge.

Defendant was charged with the violation of the National Prohibition Law (27 USCA § 1 et seq.), in a bill of information, filed May 20, 1933. On June 5th of that year, a motion to suppress the evidence was filed, tried, and overruled, whereupon defendant pleaded guilty, and was sentenced on the count of manufacturing intoxicating liquors, to serve sixty days in jail, while sentences of $500 each were imposed upon the possession counts and suspended for a period of five years, conditioned on good behavior. At the same time an order was entered allowing defendant until July 15, 1933, to begin serving sentence and he executed bond to appear at that time. Commitment was issued accordingly. June 28th of the same year the beginning of sentence was again deferred to January 1, 1934. On December 5, 1933, the Twenty-First Amendment to the Federal Constitution became effective, repealing the former Eighteenth Amendment to that document.

On January 17, 1934, a motion was filed to vacate the sentence, on the ground that the repeal of prohibition had the effect of relieving the defendant from serving his sentence. The commitment issued June 5, 1933, was returned December 29th, unexecuted. Trial of the motion to vacate the sentence was continued from time to time and finally submitted to this court on January 28, 1935.

My view is that the judgment in this case became final long before the repeal of prohibition and the postponement of the commencement of sentence did not serve to destroy its efficacy. In Hosier v. Aderhold, Warden, 71 F.(2d) 422, the Court of Appeals for this circuit, in denying the relief where a prisoner had just commenced his sentence when repeal became effective, said: "That judgment, valid when rendered, remains valid, without the necessity of being constantly renewed, until satisfied by execution. Being valid, it is enforceable by execution as of course and without regard to subsequent elimination of the National Prohibition Act. This is so because the authority for the judgment is the law as it stood before repeal, and for the execution [of] the judgment. The decisions on the subject, though there have not been many reported, without exception hold that the repeal of a criminal statute after final judgment does not arrest or interfere with execution of the sentence." Citing numerous authorities.

My view is that the motion to vacate will have to be denied. Proper decree should be presented.