## ODEKIRK v. RYAN, Superintendent of Detention Farm.
### No. 7394.

Circuit Court of Appeals, Sixth Circuit.

June 30, 1936.

314

L. M. Hopping, of Detroit, Mich. (Gregory H. Frederick, of Detroit, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

This is an appeal from an order of the District Court for the Eastern District of Michigan dismissing a petition for a writ of habeas corpus and remanding the petitioner to the custody of the Superintendent of the United States Detention Farm at Milan, Mich. So far as appears from the record, there was no evidence introduced on the hearing below. We consider the case on the facts alleged in the petition and not denied by answer. They are: Appellant was convicted in the United States District Court for Nebraska of violating the National Prohibition Act, 27 U.S.C.A. § 1 et seq., and sentenced on April 29, 1933, to imprisonment in the Douglas County Jail at Omaha, Neb., for a period of two years. Being at large under bail, before he could be apprehended and committed he went to the state of Washington, where he committed another offense against the National Prohibition Act, and on September 22, 1933, was sentenced therefor by the District Court for the Western District of Washington to the custody of the Attorney General for imprisonment at McNeil Island, or such other place as the Attorney General might designate, for a term of two years. After serving his sentence at McNeil Island, he was released into the custody of the United States Marshal for the Nebraska court under the original commitment issued pursuant to the sentence of April 29, 1933. On May 4, 1935, the marshal committed him to the Douglas County Jail at Omaha, Neb., whence he was subsequently transferred by order of the Attorney General to the United States Detention Farm at Milan, Mich. The petition alleges that he is illegally deprived of his liberty because: (1) The commitment of May 4, 1935, was made after the effective date of the repeal of the National Prohibition Act and was invalid; and (2) because in serving the sentence imposed by the court in Washington he served concurrently therewith the sentence imposed by the Nebraska court.

The first point is plainly without merit, for while it is settled that the repeal of the Eighteenth Amendment had the effect of terminating pending prosecutions, including those on appeal, for violation of the National Prohibition Act (United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510; Massey v. United States, 291 U.S. 608, 54 S.Ct. 532, 78 L.Ed. 1019), it is also settled that where an offense was committed against that act and a sentence passed on the offender prior to its repeal, the sentence is valid and may be legally executed. United States v. Hill, 70 F.(2d) 1006 (C.C.A.3); Hosier v. Aderhold, 71 F.(2d) 422 (C.C.A. 5); U. S. ex rel. Voorhees v. Hill, 72 F. (2d) 826 (C.C.A.3); and Rives v. O'Hearne, 64 App.D.C. 48, 73 F.(2d) 984. Here the judgment was pronounced before the repeal of the law violated, the law being the authority for the judgment. A commitment is in no sense a new judgment but is a ministerial act done pursuant to a judgment. The authority for it, as indicated in the cases cited, is not the law vio-

lated but the judgment which the law authorized, and the judgment being valid, the commitment must stand or fall with it and is also valid, though effected after repeal of the law.

 The second contention must also be denied. Whether sentences imposed by the same court under different indictments or different counts in the same indictment run concurrently or cumulatively depends on the intention of the court imposing the sentences, to be ascertained from the judgment and court records in the case. Boyd v. Archer, 42 F.(2d) 43, 70 A.L.R. 1507 (C.C.A.9); United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. If there is doubt of the intention, it will be resolved in favor of the defendant. United States v. Remus, 12 F.(2d) 239 (C. C.A.6). Where the sentences are imposed by different courts, the intention of the court imposing the second or later sentence is similarly controlling, for plainly the power of the court to fix the punishment carries the authority to make the sentence run concurrently with a former sentence imposed by another court. In such case the rule as to resolving doubt of the intention in favor of the accused would seem to apply only where the court imposing the second sentence had knowledge of the first. With knowledge, and in the absence of a direction as to consecutive service, it would seem fair to say that the court intended that the second sentence, if the direction for service therefor were in the same institution as the first or if both were in an institution to be designated by the Attorney General, should be concurrent with the first; but lacking knowledge of the first sentence, there could be no intention of concurrent service and consequently no doubt to resolve in favor of the accused. While it has been intimated that the fact that the two convictions were had under the same name may indicate knowledge by the second court of the prior conviction and sentence [compare Aderhold v. McCarthy, 65 F.(2d) 452 (C.C.A.5); Zerbst v. Walker, 67 F.(2d) 667 (C.C.A.10); and Hudspeth v. Hushon, 73 F.(2d) 979 (C.C. A.10)], it is our opinion that such a circumstance of itself is not enough to justify the inference. Nothing else is relied on by appellant except what purport to be copies of letters written by the assistant district attorney in the Western District of Washington filed with the record. These documents are not verified and are not in the form of evidence. What they purport to say is unverified hearsay. The court speaks through its records in the proceeding, and there is nothing in the record before us from which it can be inferred that the Washington court had knowledge of the prior conviction and sentence of the appellant.

The order dismissing the petition and remanding the appellant to the respondent is affirmed.