## UNITED STATES v. SAUTTER.
### No. 7258.

District Court, M. D. Pennsylvania.
· Dec. 17, 1936.

Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., for the United States.

J. Mettler Pensyl, of Sunbury, Pa., for defendant.

JOHNSON, District Judge.

This is a petition and rule to vacate a sentence and to set aside a detainer and an order directing defendant to be produced before the court for violation of probation.

On December 8, 1931, defendant pleaded guilty to an information charging him with three violations of the National Prohibition Act (41 Stat. 305). On January 22, 1932, he was sentenced by this court to imprisonment in the Northumberland county jail for a term of twenty-nine days to be computed from December 24, 1931, and was placed on probation for one year. On March 11, 1933, within the maximum period for which defendant could have originally been sentenced, 18 U.S.C.A. § 725, the probation officer filed a petition averring that the defendant violated the terms of his probation by failing to submit certain reports, by leaving the jurisdiction without permission, by engaging in violation of the National Prohibition Act, by being arrested and confined in jail charged with murder. The petitioner prayed for an order directing the arrest of the defendant to answer to the alleged violations of probation and the court so ordered on March 11, 1933.

On August 13, 1936, the defendant filed a petition averring some of the foregoing facts, and that under the laws of the commonwealth of Pennsylvania, the defendant was convicted of second-degree murder and was sentenced therefor and is now con-

fined in the Northumberland county jail; that by virtue of the order of this court, dated March 11, 1933, a detainer was lodged against the defendant; that by reason of the repeal of the National Prohibition Act, under which defendant was sentenced by this court, the sentence should be vacated and the order of March 11, 1933, as well as the detainer, should be removed and set aside. The rule now before the court was thereupon granted upon the probation officer.

If on account of the repeal of the National Prohibition Act, under which defendant was sentenced, the court no longer has power to impose any further punishment upon the defendant, and if the original sentence has been served, the detainer and proposed hearing for violation of probation are without purpose. The question, therefore, is whether any of the original sentence remains to be served, and whether this court now has power to impose further punishment upon the defendant.

No part of the original sentence now remains to be served. As was customarily done prior to the Act of June 29, 1932, § 1, 18 U.S.C.A. § 709a, credit was given for the time spent in jail awaiting trial and defendant was sentenced on January 22, 1932, to twenty-nine days to be computed from December 24, 1931; thus the sentence of twenty-nine days has been served.

Since the National Prohibition Act was rendered inoperative by the repeal of the Eighteenth Amendment, this court has no power to change the original sentence imposed upon the defendant for violation of that act. This court so held in United States v. Ionoff, 8 F.Supp. 77, 78, where it is said: "If the said judgment was final, this court cannot now change or amend it, or impose a new sentence in lieu of that originally imposed. 39 Op. Attys. Gen. 186; U. S. ex rel. Voorhees v. Hill (D.C.) 6 F.Supp. 922, affirmed August 8, 1934, 72 F.(2d) 826 (C.C.A. 3d Circuit); U. S. v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510." The sentence of twenty-nine days was a final judgment. This is admitted by the United States.

The contention of the United States is based upon an error of fact. The United States contends that the defendant's sentence was to be computed from December 29, 1931, instead of December 24, and that accordingly there remains to be served five more days of the original sentence, which this court still has the power to carry out, under the authority of this court's ruling in U. S. ex rel. Voorhees v. Hill, 6 F.Supp. 922, Id. (C.C.A.) 72 F.(2d) 826, and United States ex rel. Nerbonne v. Hill (C.C.A.) 70 F.(2d) 1006. But the record shows, as above stated, that defendant's sentence was to be computed from December 24, 1931. Accordingly, no part of the original sentence remains to be served and the authorities cited by the United States have no application.

Since this court is without power to impose any further punishment upon the defendant, the detainer lodged against the defendant, because of his alleged violation of probation, serves no purpose and should be removed.

And now, December 17, 1936, the rule to show cause why the sentence of this court, dated January 22, 1932, should not be vacated is discharged; the rule to show cause why the order of this court, dated March 11, 1933, should not be vacated and the detainer lodged against John H. Sautter in the Northumberland county jail removed and set aside, is made absolute; the said order of March 11, 1933, is vacated, and the probation officer is directed to remove the said detainer.