## UNITED STATES ex rel. RANDALL v. UNITED STATES MARSHAL FOR EASTERN DIST. OF NEW YORK.

### Misc. 868.

District Court, E. D. New York.

May 6, 1944.

Harold M. Kennedy, U. S. Atty., and Herbert I. Sorin, Asst. U. S. Atty., both of Brooklyn, for the U. S. Marshal.

Frank G. Lichtenstein and Harry M. Lichtenstein, both of Boston, Mass., for relator.

MOSCOWITZ, District Judge.

On a writ of habeas corpus, petitioner claims that there is no authority for his being taken into custody and that imprisonment under a sentence previously imposed would be illegal and void.

The relator and others were indicted on February 3, 1931, for possessing and transporting intoxicating liquors in violation of the Eighteenth Amendment and it was subsequently proved that over 2600 bags of bottles were involved. On March 31, 1931, relator was found guilty after trial by a jury. On April 6, 1931, he was sentenced by this Court to one year and eight months, and on the same day he was admitted to bail of $10,000 pending appeal. On January 20, 1932, the Circuit Court of Appeals affirmed the conviction and on the same day its mandate was filed. Relator failed to appear as directed on February 2, 1932, and his default was noted. It now appears that he went to Canada immediately upon release on bail, thereby becoming a fugitive from justice, and that he made no attempt at any time to present himself for execution of the sentence imposed upon him. On July 1, 1932, an order on the mandate was filed and entered, making the mandate the order of judgment of the trial court. On April 13, 1944, relator was taken into custody in Boston, Massachusetts.

The Twenty-First Amendment, repealing the Eighteenth, became effective on December 5, 1933. The authorities cited by relator concededly establish that the courts were divested as of that date of all jurisdiction over prohibition violations in which any step necessary to the final determination of the violator's guilt or sentence remained undisposed of. Thus, in United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510, where sentence had not yet been imposed when repeal became effective, dismissal of the indictment on motion of the defendant was upheld by the Supreme Court on the ground that the Twenty-First Amendment had deprived the court of all power to entertain any further proceedings against prohibition violators. It was pointed out that a repealed statute differs from a repealed constitutional provision in that the latter cannot be given continued vitality either by the Congress or by the courts. But Chief Justice Hughes, writing for the Court, specifically excluded from that decision the situation which is involved on the present application. He said (291 U.S. at page 226, 54 S.Ct. at page 436, 78 L.Ed. 763, 89 A.L.R. 1510):

"What we have said is applicable to prosecutions, including proceedings on appeal, continued or begun after the ratification of the Twenty-First Amendment. We are not dealing with a case where final judgment was rendered prior to that ratification. Such a case would present a distinct question which is not before us."

It is thus apparent that the Chambers case is of no weight in the present determination. This is equally true of Massey v. United States, 291 U.S. 608, 54 S.Ct. 532, 78 L.Ed. 1019, where an application for certiorari was pending on the date of repeal. It required the judicial act of denial of the application before the defendant was finally bound to serve his sentence, and this judicial act, being a continuation of the criminal proceeding, could not, under the Chambers decision, be executed after repeal. Since the prosecution was not yet fully completed when the Twenty-First Amendment was ratified, the court was bound to free the defendant.

The same is true of the case of Cornerz v. United States, 5 Cir., 1934, 69 F.2d 965. There the court had placed the defendant on probation after conviction of violating the Eighteenth Amendment. Subsequently, on a second conviction, the probation was revoked by the trial court and the original sentence imposed, the entry of this order being arrested by appeal. Pending the determination of the appellate court, the Twenty-First Amendment was ratified. It was held that since the defendant could not be imprisoned until the order of revocation was entered, and since that act was prevented by repeal, the custody of the defendant could not be continued.

The decisions in the cases of Speroni v. United States, 7 Cir., 69 F.2d 1017, and Slaboszewski v. United States, 3 Cir., 70 F.2d 1021, are both per curiam and no facts are set forth, but both decisions are stated to rest on the authority of the Massey case, which has been distinguished, and the Speroni decision also cited the Chambers case, which does not consider the question before this court.

It has recently been held in Welch v. Hudspeth, 10 Cir., 132 F.2d 434, that where

final judgment has been imposed before repeal of the Eighteenth Amendment, execution of the sentence cannot be arrested or interfered with, which is determinative of the issue here raised. Relator points to what he fancies to be a compelling distinction between the Welch case and his situation, to wit, that in the Welch case the defendant had already been committed to the custody of the Attorney General before the Twenty-First Amendment became effective, while a writ of commitment has not yet been issued by the clerk of the court in the case of relator. But the preclusion of the Chambers and related cases is as to judicial acts after repeal, not to administerial acts. The relator was finally sentenced by this court to a year and eight months in a federal penitentiary or prison camp in 1931; the issuance of a writ of commitment by the clerk, though it be after repeal, is merely an administerial act carrying into execution the final judicial determination made prior to ratification of the Twenty-First Amendment. United States ex rel. Behen v. Ruppel, D. C., 6 F.Supp. 346; see also United States v. Ing, D.C., 8 F.Supp. 471. It is not necessary that any judicial act be performed at this time and the relator's confinement under the sentence finally imposed before repeal will be valid.

The petition is therefore dismissed.