## UNITED STATES ex rel. RANDALL v. UNITED STATES MARSHAL FOR EASTERN DIST. OF NEW YORK.

### No. 421.

Circuit Court of Appeals, Second Circuit.

July 6, 1944.

Frank G. Lichtenstein, of Boston, Mass., and Louis Halle, of New York City, for Moyle C. Randall, relator-appellant.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Herbert I. Sorin, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for respondent-appellee.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The appellant was indicted with others for possessing and transporting intoxicating liquors in violation of Sections 3 and 26 of the National Prohibition Act, 41 Stat. 308, 315, 27 U.S.C.A. §§ 12, 40. On April 6, 1931, after a trial and conviction, he was sentenced to imprisonment for a term of one year and eight months. On January 20, 1932, the Circuit Court of Appeals, 2 Cir., 54 F.2d 1085, affirmed the judgment of conviction and on its mandate an order was entered in the District Court. On February 2, 1932, the defendant failed to appear in the District Court as directed and his default was noted.

The Twenty-first Amendment, repealing the Eighteenth Amendment of the Constitution of the United States, became effective on December 5, 1933. On April 13, 1944, a bench warrant was issued for the defendant's arrest and he was thereupon taken into custody in the State of Massachusetts and thereafter brought to the Eastern District of New York where he was held in the custody of the United States Marshal.

On April 18, 1944, he obtained a writ of habeas corpus on a petition alleging that because of the repeal of the Eighteenth Amendment the sentence on which he was being detained had become a nullity and there remained no power to commit him to prison so as to serve his sentence. The United States Marshal for the Eastern District of New York made a return to the writ in which he alleged that the defendant was being detained by virtue of the sentence. On April 26th the court, after a hearing, dismissed the petition and quashed the writ. From this order the relator has appealed. In our opinion the sentence became a final adjudication prior to the repeal of the Eighteenth Amendment, was unaffected by the repeal, and the order dismissing the petition and quashing the writ was right and should be affirmed.

In United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 436, 78 L.Ed. 763, 89 A.L.R. 1510, it was held that prosecutions for violations of the National Prohibition Act, including proceedings on appeal begun or continued after the ratification of the Twenty-first Amendment, necessarily would fail because they would involve an attempt to continue to apply the statutory provisions of the Volstead Act after they had been deprived of force by the appeal. But in United States v. Chambers, Chief Justice Hughes added the following words of caution: "We are not dealing with a

case where final judgment was rendered prior to that ratification. Such a case would present a distinct question which is not before us." In Massey v. United States, 291 U.S. 608, 54 S.Ct. 532, 78 L.Ed. 1019, it was held that a sentence for violating the Act should be vacated where a petition to the Supreme Court for a writ of certiorari was pending and the Eighteenth Amendment had been repealed prior to the disposition of the application for the writ. The question not directly passed on in United States v. Chambers is now before us.

When the defendant was sentenced and the judgment against him was affirmed and no application for a writ of certiorari was made within the period allowed by statute judicial action became final and the repeal of the prohibition amendment did not under the following authorities affect the rights of the parties. Welch v. Hudspeth, 10 Cir., 132 F.2d 434; United States ex rel. Nerbonne v. Hill, 3 Cir., 70 F.2d 1006, certiorari denied 292 U.S. 634, 54 S. Ct. 719, 78 L.Ed. 1487; Odekirk v. Ryan, Superintendent of Detention Farm, 6 Cir., 85 F.2d 313; United States ex rel. Cheramie v. Dutton, United States Marshal, 5 Cir., 74 F.2d 740, certiorari denied United States ex rel. Cheramie v. Freudenstein, 295 U.S. 733, 55 S.Ct. 644, 79 L.Ed. 1681; United States ex rel. Voorhees v. Hill, Warden, 3 Cir., 72 F.2d 826; Hosier v. Aderhold, Warden, 5 Cir., 71 F.2d 422. Inasmuch as sentence became final before the repeal of the Eighteenth Amendment became effective it remained binding and capable of enforcement. The commitment was a ministerial and not a judicial act which did not prevent the judgment from becoming final prior to the date of the repeal. Odekirk v. Ryan, Superintendent of Detention Farm, 6 Cir., 85 F.2d 313, 314; Bernstein v. United States, 4 Cir., 254 F. 967, 3 A.L.R. 1569. The Per Curiam memorandum in Speroni v. United States, 7 Cir., 69 F.2d 1017, on which the appellant places reliance, does not contain a statement of facts or any discussion of the principles involved. The Per Curiam memorandum in Slaboszewski v. United States, 3 Cir., 70 F.2d 1021, is inconclusive for the same reason and also because it is inconsistent with the later decision of the same court in United States ex rel. Voorhees v. Hill, Warden, 3 Cir., 72 F.2d 826, which supports the view we have taken.

The sentence of the relator constituted a final judgment. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204; cf. Toyosaburo Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497. If he had surrendered on February 2, 1932, instead of fleeing the jurisdiction, service of his sentence would have been completed before the repeal of the Eighteenth Amendment. In the circumstances he has no just ground for complaining because the United States Marshal is now proceeding to have the sentence executed and he has made no showing that he is entitled to be discharged under a writ of habeas corpus. Accordingly the order appealed from is affirmed.