## Neace, et al. v. Commonwealth.

(Decided September 28, 1915.)

### Appeal from Perry Circuit Court.

Criminal Law—Judgment—Effect of Failure to Enter on Record at Term When Pronounced—Entry at Subsequent Term.—Where the defendants are found guilty by the verdict of a jury and the verdict is duly recorded in the order book of the court, but by oversight or inadvertence on the part of the judge, judgment is not pronounced at the term at which the case is tried; or when by oversight or inadvertence of the clerk the judgment duly pronounced at that term is not entered on the order book of the court, the judge may at the succeeding term pronounce judgment in conformity to the verdict, and judgment so pronounced will have the same force and effect as if pronounced and entered on the order book of the court at the term at which the trial was had.

E. C. HOLLIDAY, WOOTTON & MORGAN and WILLIS W. REEVES for appellants.

IRA FIELDS, JOHN C. EVERSOLE, JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Under an indictment charging them with the murder of Elvin Miller, the appellants, Thomas and Robert Neace, who are brothers, were convicted and their punishment fixed at confinement in the penitentiary for life.

Briefly, the evidence for the Commonwealth showed that the deceased was shot and killed without excuse or provocation by Thomas Neace at a time when Robert Neace was present and advising him to fire the shot that killed the deceased. The defense was that Thomas Neace shot and killed the deceased to prevent him from shooting and killing his brother, Robert Neace.

As a ground for reversal it is urged that the trial court committed prejudicial error in admitting incompetent evidence offered by the Commonwealth. The first assignment of error under this ground is found in the evidence of one Zack Neace, who was asked, in relating a conversation he had with Bob Neace, Gabe Neace and Andy Miller, the latter two being also indicted with Bob and Tom Neace for the murder of Elvin Miller, "Was there, or not, anything said about Elvin Miller? Tell if there was." The witness answered, "Well, Bob said

that he had had a little racket with the boys and had shot two of them, John Miller and Morgan Whittaker, and went on to talk. I didn't pay much attention. I don't recollect all the conversation they had."

The court was asked to exclude this evidence on the ground that the indictment did not charge any offense committed against or in reference to John Miller or Morgan Whittaker, and the court told the jury that what the witness said about shooting these men was not competent and they should not consider it. There is some confusion in other rulings of the court on this evidence, but we think the record as a whole shows that this evidence—which was not of much consequence, considering the time the statement was made and the manner of it—was excluded.

This witness also said, in answer to a question as to whether any of the defendants said anything about Elvin Miller at that time: "Well, Andy Miller said that they had taken his and Bob's woman from them and they were going to have a woman or wade through blood to their waists." We think this evidence was competent, as Andy Miller was one of the defendants.

Exception is also taken to the ruling of the court in admitting statements made by Bob Hensley an hour or two after the killing, but the trial court admonished the jury that these declarations were only competent evidence against Bob Neace and should not be considered by them as evidence against the other defendants. This admonition of the court was entirely correct, as the evidence was competent against Bob Neace but not against the other defendants.

Exception is also taken to certain statements made by William Davidson and Ambrose Whittaker, witnesses for the Commonwealth, but the objectionable evidence of these witnesses was excluded from the jury by the court, and, aside from this, was not of sufficient importance to be prejudicial error.

It is complained that the instructions did not submit correctly the law of the case, but we do not find any error in the instructions. The jury were told, in substance, that if they believed from the evidence that Tom Neace shot the deceased not in the necessary defense of himself or of his brother, they should find him guilty of murder, if the shooting was done maliciously, or of voluntary manslaughter if done in sudden heat of passion or in sud-

den affray. They were further told that if Tom Neace shot and killed the deceased not in defense of himself or of his brother, and Bob Neace advised or encouraged him to do so, they should find Bob Neace guilty of murder if he acted maliciously, or of voluntary manslaughter if he acted in sudden heat and passion, or in sudden affray. In another instruction the jury were property advised as to the law of self-defense.

The issues in the case calling for instructions were few and simple. The only contention of the Commonwealth was that Tom Neace, acting under the advice and encouragement of Bob Neace, shot and killed the deceased without excuse or provocation, while the only defense was that, although Tom Neace fired the fatal shot, he did so in defense of his brother who was about to be killed by the deceased.

The attorney for the Commonwealth in his closing argument made a brief reference to some evidence that had been excluded from the consideration of the jury. Objection was made to this argument and sustained by the court, who admonished the jury not to consider it. Although the Commonwealth's attorney was guilty of misconduct in referring at all to evidence that had been excluded, we are quite sure that the prompt admonition of the court, taken in connection with the unimportant nature of the evidence, removed all ground for serious objection on this score.

It might not be amiss to say at this point that, considering the large number of witnesses who testified in the case, the record of what occurred on the trial is unusually free from error, as is shown by the fact that the able counsel for appellants have been able to point out as grounds for reversal only the unsubstantial matters to which we have directed attention.

The principal argument of counsel is directed to the fact that the court committed reversible error in not entering on the order book of the court judgment against the defendants at the term during which they were tried and in entering against them the judgment appealed from at a subsequent term of the court.

It appears in the record that the trial was had at the March term of the court, 1915, and the record shows that the jury brought in this verdict: "We, the jury, do agree and find the defendants, Thomas Neace and Robert Neace, guilty of wilful murder and fix their punishment

at confinement in the State penitentiary for life," which verdict was duly entered on the order book of the court, followed by an order showing that the jury were discharged and the defendants returned to the jailer of Perry County to await the judgment of the court. On the following day the motion and grounds for a new trial were filed and overruled and an appeal prayed to this court. On the next following day the bill of exceptions was tendered and approved. It appears, however, that, by inadvertence or oversight of the clerk, the judgment on the verdict was not entered at this term of the court, although it is very plain that counsel for appellants as well as the judge believed that the judgment, following the verdict which was passed on the defendants, had been entered on the order book. It further appears that the failure of the clerk to enter the judgment was not discovered until some time after the adjournment of the March term of court, or until the record prepared for appeal had been filed in the clerk's office of this court, when the clerk of this court, upon ascertaining that the record did not contain any judgment, notified counsel for appellants of this fact and refused to issue a certificate showing that the appeal had been prosecuted. Following this, and at the May term of the court, the defendants were brought into court and duly sentenced and judgment in conformity thereto entered on the record. Thereupon the appeal now before us was prosecuted from the judgment.

We find no objection whatever to the course pursued by the trial court in relation to this matter. The judgment of course should have been entered at the March term of the court, but manifestly the failure of the clerk to enter on the records the judgment pronounced by the court in passing sentence on the defendants did not and could not preclude the court thereafter, and, when the omission of the clerk was discovered, from again pronouncing judgment at a subsequent term of court and having the clerk duly enter the same on the order book of the court. It seems to us that the propriety of this practice on the part of the trial court is too plain to be seriously questioned.

When the judgment was entered at the May term of the court, there was before the court the verdict of the jury that had been entered on the records of the court when it was returned at the March term, and in entering

judgment on this verdict at the May term the court merely followed the verdict and pronounced and had entered the identical judgment that was pronounced but not entered on the verdict at the March term of the court. If, however, the trial judge at the March term had, by oversight or inadvertence of any kind, failed to pronounce judgment on the verdict and for this reason the judgment had not been entered by the clerk, we have no doubt that at a subsequent term of the court the judge could have pronounced judgment on the verdict. So that whether as a matter of fact the court did or did not sentence the defendants at the March term is not material, nor does it matter whether the omission to enter judgment on the record book of the court at the March term was the fault of the judge or the clerk. The court had undenied power to pronounce judgment on the verdict and have it entered of record and the jurisdiction and power to enter judgment on the verdict continued in the court until these things were done.

It is urged that the substantial rights of the defendants were prejudiced by the failure of the record to show that judgment had been pronounced at the March term as the right of appeal was thereby delayed. It is doubtless true that the right of appeal on account of this omission was delayed for a time, but this trifling delay cannot be allowed to interfere with the jurisdiction of the court to do at the May term what should have been done at the March term. The trial judge pronounced judgment and had it entered in due form immediately upon his attention being called to the omission by counsel for the defendants, and we have no doubt that he would earlier have done this had the matter been brought to his notice.

Upon the whole case we are entirely satisfied that the defendants had a fair trial, and the judgment in each case is affirmed.