## MILLER v. ADERHOLD, WARDEN.

No. 138. Argued January 9, 1933.—Decided February 6, 1933.

Mr. *Dean G. Acheson* for petitioner.

*Mr. Paul D. Miller,* with whom Solicitor General *Thacher,* Assistant Attorney General *Youngquist,* and *Messrs. John J. Byrne* and *W. Marvin Smith* were on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.*

December 10, 1930, in the federal district court for the southern district of New York, petitioner was convicted on his plea of guilty of the crime of stealing from the United States mails. By order of the court, sentence was suspended and he was discharged from the custody of the marshal.

At a subsequent term of court, on June 17, 1931, petitioner was sentenced by another judge to four years imprisonment. A motion to vacate the sentence was denied; and a petition for a writ of *habeas corpus* was filed in the federal district court for the northern district of Georgia, praying the discharge of petitioner on the ground that the court imposing the sentence was without jurisdiction to do so. After a hearing the writ was dismissed and petitioner remanded to custody. The circuit court of appeals affirmed the judgment. 56 F. (2d) 152.

Petitioner seeks a reversal here on the ground that the order of December 10 constitutes a permanent suspension of sentence, void under the decision of this court in *Ex parte United States,* 242 U. S. 27; and that with the expiration of the term the trial court was without power to sentence petitioner. The Solicitor General vigorously opposes the contention that the effect of the order was

---

* The opinion was announced by the Chief Justice, Mr. Justice Sutherland being absent from the Bench.

to suspend sentence permanently; but, without determining that question, we are of opinion that if such was the effect, nevertheless, the court was not deprived of power to impose sentence at a subsequent term.

The decisions on the point are in conflict. The greater number support the view of petitioner; but we are of opinion that the weight of reason is the other way. Several of the cases holding with petitioner are set forth in *Mintie* v. *Biddle*, 15 F. (2d) 931. While these cases and others are emphatically to the effect that a permanent suspension of sentence is void, and that the court thereby, with the passing of the term, loses jurisdiction, we find no convincing reason in any of them for the latter conclusion. The decision in the *Mintie* case rests primarily upon considerations affecting the accused. Support for its conclusion is found by the court in the supposition that during the suspension the accused can "make no plans, enter into no contracts, engage in no permanent occupation, and bind himself to no obligations, or create any permanent ties, business or domestic." But it is hard to see the relevancy of these difficulties to the question of jurisdiction. They equally would be present if sentence were definitely postponed from term to term; and power to that extent is not doubted. Moreover, since the suspension order is void, the accused is not bound to rest under the supposed hardship. He may at any time put an end to it by requesting the court to pronounce judgment, which the court no doubt would do unless good cause to the contrary were made to appear. In the absence of such request he must be held to have consented to the indefinite delay and cannot complain. *Hoggett* v. *State*, 101 Miss. 269, 271; 57 So. 811. Compare *United States* v. *Mulligan*, 48 F. (2d) 93; *United States* v. *Lecato*, 29 F. (2d) 694, 695.

In a criminal case final judgment means sentence; and a void order purporting permanently to suspend sentence

is neither a final nor a valid judgment. *United States* v. *Lecato, supra,* at p. 695; *State* v. *Bongiorno,* 96 N. J. L. 318; 115 Atl. 665; *People* v. *Bork,* 78 N. Y. 346, 350; *State* v. *Vaughan,* 71 Conn. 457, 458; 42 Atl. 640; *Symington* v. *State,* 133 Md. 452, 454; 105 Atl. 541. If the suspension be for a fixed time, the case undoubtedly remains on the docket of the court until disposed of by final judgment. There is no good reason, in our opinion, why a different rule should obtain where the order of suspension, though expressly made permanent, is void. Such an order is a mere nullity without force or effect, as though no order at all had been made; and the case necessarily remains pending until lawfully disposed of by sentence. Compare *In re Bonner,* 151 U. S. 242, 259–262; *G. Amsinck & Co.* v. *Springfield Grocer Co.,* 7 F. (2d) 855, 858; *Hammers* v. *United States,* 279 Fed. 265, 266; *Biddle* v. *Thiele,* 11 F. (2d) 235, 236–237; *Bryant* v. *United States,* 214 Fed. 51.

The order here under review being ineffectual to confer immunity from punishment, the conclusion that such immunity existed must rest upon the bare fact that, without any saving provision, the term at which the accused was convicted but not sentenced had passed. But that foundation for the conclusion at once vanishes in the face of the rule that where judgment has not been pronounced upon a verdict during the term at which it was rendered, the cause continues on the docket and necessarily passes over to a succeeding term for final judgment or other appropriate action. *Walker* v. *Moser,* 117 Fed. 230, 232. We conclude, in accordance with what we regard as the better view, that in a criminal case, where verdict has been duly returned, the jurisdiction of the trial court, under circumstances such as are here disclosed, is not exhausted until sentence is pronounced, either at the same or a succeeding term. *Rachmil* v. *United States,* 288 Fed. 782, 785; *Ex parte Dunn,* 50 S. D. 48, 52–54; 208

N. W. 224; *Hoggett v. State, supra,* at p. 271; *Hancock v. Rogers,* 140 Ga. 688; 79 S. E. 558; *Dilley v. Commonwealth,* 243 Ky. 464, 468; 48 S. W. (2d) 1070; *Neace v. Commonwealth,* 165 Ky. 739, 742–743; 178 S. W. 1062.

*Judgment affirmed.*