## ZERBST v. NAHAS.

### No. 855.

Circuit Court of Appeals, Tenth Circuit.

Nov. 25, 1933.

S. M. Brewster, U. S. Atty., of Topeka, Kan., and L. E. Wyman, Asst. U. S. Atty., of Hutchinson, Kan., for appellant.

Lee Bond, of Leavenworth, Kan., for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal from an order discharging appellee on writ of habeas corpus from the custody of the warden of the penitentiary at Leavenworth, Kansas. The appellee in his petition for the writ alleged that on October 29, 1929, he plead guilty to the charge of conspiracy to violate the National Prohibition Law made against him by indictment then pending in the United States District Court for the Northern District of Indiana; that nothing thereafter was done in the case and he was permitted to go at large until March 15, 1932, and on that day he was brought into court and sentenced on the charge to imprisonment for eighteen months to be served in the United States penitentiary. He further alleged in response to the warden's return to the writ that during the two years, six months and seventeen days that expired between his plea and the sentence he was not a fugitive from justice; that he was not put upon parol or probation during that time; that he had not been called upon to report after his plea of guilty; that no investigation was made regarding his character or reputation; that on the day he was sentenced the District Judge was informed that the passing of sentence had been overlooked. He presented an affidavit with his petition in which he stated that at the time he entered his plea of guilty the District Judge stated that he would not pass sentence until the outcome of the trial of his co-defendants in the conspiracy charge, and that about three months thereafter all of his co-defendants were tried and acquitted; that when he was called into court for sentence inquiry was made why he had not been previously sentenced, and the District Attorney replied that the matter had been entirely overlooked; that he had never made application for delay of sentence.

Appellee claims the court that sentenced him had lost jurisdiction on the facts stated, and that the sentence was void. The District Judge in issuing the writ and entering the order of discharge probably followed the rule announced in Mintie v. Biddle (C. C. A. 8) 15 F.(2d) 931. It will be observed in the opinion in that case that the authorities were not in accord at that time. Since the writ issued and the order of discharge was entered the Supreme Court in Miller v. Aderhold, Warden, 288 U. S. 206, 53 S. Ct. 325, 326, 77

L. Ed. 702, passed on the subject. Mr. Justice Sutherland, who spoke for the court in that case, said that the greater number of authorities were in accord with the ruling in the Mintie Case, but that the opinion of the court was that the weight of reason is the other way; that in the absence of a request by defendant that he be sentenced "he must be held to have consented to the indefinite delay, and cannot complain," and the court retains jurisdiction until sentence is pronounced.

In keeping with the opinion in that case the order of discharge must be reversed with directions to vacate it, enter an order discharging the writ, and enter an order remanding appellee to the custody of appellant.