UNITED STATES ex rel. BEHEN v. RUPPEL.

District Court, S. D. Illinois, S. D. April 2, 1934.

A. M. Fitzgerald, Lee Ensel, and George E. Drach, all of Springfield, Ill., for petitioner.

Frank K. Lemon, U. S. Atty., and Marks and James P. Dillie, Asst. U. S. Attys., all of Springfield, Ill., for respondent.

MAJOR, District Judge.

Criminal information filed against the petitioner on March 15, 1932, charged him with a violation of the National Prohibition Act. A plea of guilty was entered on June 14th of the same year, and the court imposed

a fine of $150 and costs, and a jail sentence of sixty days to begin June 20th. On June 16th a petition for probation was filed which was withdrawn the same day; on June 20th the court ordered a stay of execution of sentence for sixty days; on August 19th a further extension was ordered until September 20th; on September 17th an extension was ordered until October 17th; and on the latter date a further stay of sentence was allowed until November 17th. These extensions were all allowed during the same term as the imposition of the fine and jail sentence. On the 20th day of February, 1934, the clerk of the District Court, in compliance with the judgment above referred to, executed and delivered to the United States marshal, the above-named respondent, an order of commitment, and, by virtue of such order, the said respondent, on the 27th day of February, 1934, took into custody and imprisoned the petitioner. It is such imprisonment that petitioner, in his application for a writ of habeas corpus alleges is illegal and in violation of law.

The specific reason alleged in the petition in which it is claimed the petitioner should be discharged from said imprisonment is that, with the adoption of the Twenty-First Amendment to the Constitution repealing the Eighteenth Amendment, all pending prosecutions, fines, and sentences not completely executed were automatically terminated and completed.

In the argument before the court, counsel for petitioner stressed the fact that petitioner was not actually committed until after the adoption of the Twenty-First Amendment. While it is not alleged in the petition, yet it is claimed and was argued before the court that the imprisonment is unlawful on account of the unreasonable length of time which elapsed between the entry of judgment and the order of commitment as issued by the clerk of the court.

It is claimed for petitioner that, inasmuch as the execution of sentence was stayed by the court at various times, the court retained jurisdiction and the prosecution is still pending. There is nothing to this contention. The judgment entered on June 14, 1932 was a final and complete judgment, and, while a careful reading of the decisions of the various federal courts leaves me in doubt as to the authority of a court to enter such orders, after the entry of judgment, even for a definite period and during the same term, as was done in the instant case, yet there can be no question but what

an indefinite suspension of sentence or a suspension which would extend into the next or a succeeding term of court is void and of no effect, and as such would be of no aid to the retention of jurisdiction. The apparent conflict in the federal authorities on this question arises largely between a class of cases where the imposition of sentence has been postponed and in another class of cases where the sentence has been imposed and its execution suspended.

In the former cases, as in Miller v. Aderhold, 288 U. S. 206, 53 S. Ct. 325, 77 L. Ed. 702, while it was held that the court did not lose jurisdiction by a void order suspending sentence, it was treated as the continuation of the cause for the purpose of entering judgment on a plea of guilty entered at a preceding term. In the case just cited it is said, on page 210 of 288 U. S., 53 S. Ct. 325, 326, "In a criminal case final judgment means sentence," and in the instant case, sentence pronounced and entered June 14, 1932, constituted a final judgment. It is doubtful if the court had any further jurisdiction over the cause, and certainly it had none after the conclusion of the term at which sentence was imposed.

Having thus concluded, the question is directly presented as to whether a final judgment, entered before the adoption of the Twenty-First Amendment, is effected thereby, and whether petitioner, who was imprisoned after said amendment became effective as a result of said judgment, is unlawfully detained.

The decision of the question is important, as well as far reaching in its consequences, and the authorities to which the court's attention has been called throw very little light on the subject. The general rule with reference to a final judgment in both civil and criminal cases seems to be that no act of a legislative body can affect a valid subsisting judgment. In McCullough v. Virginia, 172 U. S. 102, on page 123, 19 S. Ct. 134, 142, 43 L. Ed. 382, the court said: "It is not within the power of a legislature to take away rights which have been once vested by a judgment. Legislation may act on subsequent proceedings, may abate actions pending, but when those actions have passed into judgment, the power of the legislature to disturb the rights created thereby, ceases." R. C. L. vol. 25, p. 941, par. 194, in dealing with criminal statutes, states the rule as follows: "After final judgment has been rendered and sentence pronounced, the power of the court over the subject matter is at

an end, and all that remains to be done is the mere ministerial act of doing execution, and the repeal of the law under which a defendant has been convicted will not arrest the execution of the sentence."

Counsel for petitioner cite and rely upon the recent case of United States of America v. Claude Chambers and Byrun Gibson, 54 S. Ct. 434, 436, 78 L. Ed. ——, 89 A. L. R. 1510, but a careful study of the opinion in that case can afford the petitioner little, if any, comfort. In fact, I am inclined to think, if it has any bearing on the question under consideration, it is unfavorable rather than favorable to the contention of the petitioner.

Stress is placed upon the quotation in the opinion from Chief Justice Marshall in the case of Yeaton v. U. S., 5 Cranch, 281, 283, 3 L. Ed. 101, as follows: "It has been long settled, on general principles, that after the expiration or repeal of a law, no penalty can be enforced, nor punishment inflicted, for violations of the law committed while it was in force"—and it is insisted that the words "no penalty can be enforced, nor punishment inflicted" are particularly applicable here as a penalty is being enforced and a punishment inflicted. In place of holding that petitioner is now imprisoned as a result of a penalty or punishment for a violation of the prohibition law, it seems more accurate to conclude that the penalty or punishment provided for the violation of said law was merged in the judgment of the court, and that the petitioner is imprisoned by reason of the execution of the provisions of the judgment. It must also be remembered that, in the case in which Judge Marshall was writing and from which he is quoted, as well as in the Chambers Case, supra, no such question was presented as we are now dealing with. In both cases the court was considering solely the question as to the effect which the repeal of a statute would have on pending prosecutions and not cases where the matter in controversy had been reduced to a final judgment.

Whatever doubt there may be as to what the court intended in its opinion in the Chambers Case, supra, is to my mind eliminated by the last few lines of the opinion, as follows: "We are not dealing with a case where final judgment was rendered prior to that ratification. (Reference to Twenty-First Amendment.) Such a case would present a distinct question which is not before us." It was entirely unnecessary, of course,

for the Supreme Court to make this statement with reference to a question not before it, and different minds may differ as to the purpose the court had in mind in making such a plain and unequivocal statement. To my mind, however, the court was apprehensive, lest its opinion might be construed, as counsel for petitioner in this case seek to construe it, and that it is a plain warning that the rule announced in its opinion is to have no application to cases where a final judgment was rendered prior to the adoption of the Twenty-First Amendment.

 It is therefore my opinion, and I so hold, that the ratification of the Twenty-First Amendment to the Constitution thereby repealing the Eighteenth Amendment and laws enacted thereunder, has no effect upon a person serving a sentence in prison as a result of a final judgment entered prior to such adoption and such repeal. I am also of the opinion that there is no merit in the contention that petitioner is unlawfully detained because of an unreasonable delay in executing the sentence of the court.

When the judgment of the court was made final, it had nothing further to do in the matter. The order of commitment issued by the clerk was a ministerial one, and, even though there was delay, it was not one in which the court or any of its officers could have been interested. While the record before the court does not definitely reveal the cause of the delay, it is a fair assumption that it was at the request of the petitioner and for his benefit. Certainly that part of the delay occasioned by the postponement of the execution of the sentence by the court, whether with or without authority, was at the request of the petitioner. Some Illinois authorities are cited as holding that an unreasonable delay in the execution of a sentence will invalidate an imprisonment, but the Supreme Court of the United States, in Miller v. Aderhold, supra, has considered a situation with reference to what was claimed to be an unreasonable delay, and on page 210 of 288 U. S., 53 S. Ct. 325, 326, say: "He may at any time put an end to it by requesting the court to pronounce judgment, which the court no doubt would do unless good cause to the contrary were made to appear. In the absence of such request he must be held to have consented to the indefinite delay, and cannot complain."

The petition for writ of habeas corpus is therefore dismissed, and the petitioner remanded to the custody of respondent.