## UNITED STATES v. SMITH.
### No. 7522.

District Court, E. D. Pennsylvania.
May 18, 1939.

J. Cullen Ganey, U. S. Atty., and Gerald A. Gleeson, Asst. U. S. Atty., both of Philadelphia, Pa.

James Mercer Davis, of Camden, N. J., for defendant.

MARIS, Circuit Judge.

On June 10, 1938, upon his plea of nollo contendere I sentenced William C. Smith to imprisonment for one year and one day and to pay a fine of $2,000. I did not direct that he be further imprisoned until his fine was paid. Upon his petition filed within the term to modify the sentence and upon consideration of the extenuating circumstances of his case I subsequently amended his sentence by reducing his imprisonment to sixteen days, by reducing his fine to $1,500, and by directing that it should be paid on or before March 10, 1939.

Smith served his term of imprisonment and paid a portion of his fine but has defaulted in the payment of the balance. The United States Attorney has moved that he now be committed until the fine is paid. The motion must be denied. In Hill v. U. S. ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 762, 80 L.Ed. 1283, Mr. Justice Cardozo said: "The payment of a fine imposed by a court of the United States in a criminal prosecution may be enforced by execution against property in like manner as in civil cases. R.S. § 1041, 18 U.S.C. § 569 (18 U.S.C.A. § 569). In the discretion of the court the judgment may direct also that the defendant shall be imprisoned until the fine is paid. Ibid.; and see R.S. § 1042; 18 U.S.C. § 641 (18 U.S.C.A. § 641). Ex parte Jackson, 96 U.S. 727, 737, 24 L.Ed. 877; Ex parte Barclay, C.C., 153 F. 669; Haddox v. Richardson [4 Cir.], 168 F. 635, 639. If the direction for imprisonment is omitted, the remedy by execution is exclusive. Imprisonment does not follow automatically upon a showing of default in payment. It follows, if at all, because the consequence has been prescribed in the imposition of the sentence. The choice of pains and penalties, when choice is committed to the discretion of the court, is part of the judicial function. This being so, it must have expression in the sentence, and the sentence is the judgment. Miller v. Aderhold, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702; Wagner v. United States, [9 Cir.], 3 F.2d 864; State v. Vaughan, 71 Conn. 457, 458, 42 A. 640; Manke v. People, 74 N.Y. 415, 424."

It will thus be seen that unless a direction that the defendant be imprisoned until the fine is paid is included in the judgment of sentence the United States is relegated for the collection of the fine to its right to execution against the defendant's property. In the present case such a direction was not included in the judgment. On the contrary as amended it provided that the defendant should have a period of nine months within which to pay the fine. To grant the motion of the United States would be in effect to amend the sentence. It would be an amendment which increased the defendant's punishment in violation of the fifth amendment, Const. U.S.C.A. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872. Furthermore it would be beyond my power since made long after the expiration of the term at which the sentence was passed. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129.

The motion is denied.