## ELLERBRAKE v. UNITED STATES.
### No. 8187–8189.

Circuit Court of Appeals, Seventh Circuit.
April 17, 1943.

Armin Ellerbrake, not appearing.

Howard L. Doyle, Marks Alexander, and Geo. R. Kennedy, U. S. Attys., all of Springfield, Ill., for appellee.

Before SPARKS, MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant appeals from orders of the District Court denying his motions filed June 19, 1942, to vacate judgments of conviction entered against him in response to three indictments, returned June 14, 1933 to each of which, on the day following, defendant pleaded guilty. The court did not enter judgment until the following term, when, on February 16, 1934, defendant was sentenced to serve five years in each cause,—the sentence upon the second indictment to be served consecutively to that upon the first and that upon the third consecutively to that upon the second. No review of these judgments was had and defendant has ever since been confined in execution of the sentences.

The first indictment charged defendant with various substantive offenses, including, among others, a charge that he unlawfully had in his possession on November 23, 1932, cigarettes stolen from a C. B. & Q. car in interstate commerce on November 22, 1932. The second charged various other substantive offenses including one to the effect that defendant on October 25, 1932, in another county, stole certain shoes from an I. C. car in interstate commerce. The third charged still other various substantive offenses, including one that defendant on March 11, 1933 stole two cartons of shoes from a C. & N. W. car in interstate shipment.

A court loses all power to alter, modify or vacate its judgment, except for clerical errors or matters of form, unless a proceeding for that purpose is begun during the term or unless the judgment is void upon its face. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129. Inasmuch as defendant does not seek correction of formal or clerical errors, his motions, presented nine years after entry of judgment, come too late unless the judgments are wholly void upon the face of the record.

Defendant asserts that, inasmuch as he was not sentenced at the term at which he pleaded guilty but at the next one succeeding, the court had lost jurisdiction.

But under Miller v. Aderhold, 288 U.S. 206, 53 S.Ct. 325, 77 L.Ed. 702, where judgment is not pronounced at the term at which the verdict is rendered, the cause is continued and necessarily passes to the succeeding term for final judgment. The jurisdiction of the trial court is not exhausted until sentence is pronounced at the same or a later term. See, also, Rosenwinkel v. Hall, 7 Cir., 61 F.2d 724.

■ Defendant's further contention that Section 709a, Title 18 U.S.C.A., which provides that sentence shall commence to run on the date when the prisoner is received at the penitentiary, has the effect of depriving the court of power to impose consecutive sentences is not well founded. Brown v. Johnson, 9 Cir., 91 F.2d 370, 372, certiorari denied 302 U.S. 728, 58 S.Ct. 58, 82 L.Ed. 563.

■ It is somewhat difficult to understand defendant's chief complaint. He seems to insist that, inasmuch as he has pleaded guilty to all counts, including a conspiracy charge contained in the first indictment, the court was thereafter without power to impose sentences running consecutively in the two remaining cases. A conspiracy is a distinct offense from the substantive crime which is its object. Ader v. United States, 7 Cir., 284 F. 13, certiorari denied 260 U.S. 746, 43 S.Ct. 247, 67 L.Ed. 493; Heike v. United States, 227 U.S. 131, 33 S.Ct. 226, 57 L.Ed. 450. Consequently substantive offenses are not merged in the charge of conspiracy and sentence upon a conviction of conspiracy in no way bars punishment for the effectuated substantive offenses.

■ The indictment containing the conspiracy count includes charges of various substantive counts, any one of which will support the sentence of five years. The second indictment charges various substantive offenses different from those mentioned in the first and the third indictment includes various charges of substantive offenses not connected with any of those contained in either of the first two indictments. When defendant entered his plea of guilty to each indictment, the court had a right to sentence him to five years upon each of the indictments and to make the terms consecutive.

■ Defendant further insists that he was deprived of his constitutional rights in that he was not represented by counsel at the time of his conviction. The record is wholly silent as to whether he appeared by counsel or whether he asked to have counsel or as to whether inquiry was made as to whether he wished counsel, but, irrespective of these deficiencies, obviously, if any complaint might properly be made in this respect, it would not render the judgments wholly void upon their face but would result in an award of a new trial in a proper proceeding brought for that purpose. It can not work to vacate the judgments. Whether it could be properly presented in a petition for a writ of habeas corpus is not presented here. Cf. Gilmore v. United States, 8 Cir., Dec. 14, 1942, 131 F.2d 873.

Furthermore defendant expressly denies any desire to have a new trial. He does not deny his guilt, but desires the judgment modified to conform with his contention that the sentence imposed under the first indictment "was the only legal sentence imposed and he has already completed the sentence thereof." The further relief prayed is that he be discharged from prison. Therefore no question as to what defendant's remedy may be in the way of securing a new trial confronts us, for the relief requested is complete eradication of the judgments and discharge from prison or further prosecution.

The judgments are affirmed.