THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GERARDO RODRÍGUEZ, Defendant and Appellant.

No. 10212. Argued November 18, 1943.—Decided February 1, 1944.

*José C. Jusino* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was charged in the Municipal Court of Caguas with a violation of that portion of § 519 of the Penal Code which provides that "any person wilfully or maliciously tearing down a fence without the consent of the owner or of the person who is in charge thereof to make passage through an enclosure" is guilty of a misdemeanor. He appealed to the district court and before the trial *de novo* had commenced, he attacked the jurisdiction of the court. He urged that the municipal court had delayed, for some seven months, counted from the filing of the briefs, the rendition of the

1

judgment from which he had appealed, thus violating, accord-ing to the defendant, § 29 of the Code of Criminal Procedure which provides, in effect, that the judgment of the municipal court must be rendered within 24 hours after the case has been submitted to it. He attacked the jurisdiction of the district court to take cognizance of the case on appeal on the ground that, as the municipal court lacked jurisdiction, the district court could not acquire it on appeal. After the jurisdictional question raised had been dismissed, the case went to trial and the defendant was found guilty.

The evidence for the prosecution tended to show that the defendant had torn down a wire fence erected by the complainant, Gerardo Sellés Solá, on his property in the ward of Ceiba, municipal district of Cidra. The defendant admitted having pulled down the fence, but he alleged that the same obstructed a public road over which he must pass; that he had asked the complainant to remove the obstruction and that upon the latter's refusal to do so, the defendant was compelled to cut the fence. He offered evidence in the district court to prove the existence and nature of the road which he alleged the complainant had obstructed; but the district attorney objected and the court refused to admit it, holding that such evidence was relevant in a civil action but not in a criminal case, and the defendant took an exception.

The appellant himself admits that at the close of the evidence introduced by the private prosecutor and by the defendant, both of them requested a term to file briefs which was granted, and although he states that after the briefs had been filed the judge took some seven months and seven days to render the judgment of conviction, he has made no attempt to prove that he, the defendant, took any steps to have the judgment rendered within a reasonable time after the filing of the briefs. By requesting a term to file briefs the parties waive their right to have the judgment rendered within 24 hours after such filing, for it must be presumed

that a judge needs a reasonable time to study the briefs. In our judgment, to this situation is applicable what was said by this court in *People* v. *Lebrón,* 61 P.R.R. 634, 641, thus:

"In these two cases it is remarkable that some eight months should have elapsed from the time the defendant was convicted on January 17, 1941, to that when he was sentenced, on October 3, 1941, in the felony case and on the 10th of the same month in the case of carrying weapons. Apart from the motion for a new trial presented in the felony case, we find nothing in the record which would justify such delay; but, in any event, the record fails to show that the defendant at any time before said dates had insisted that the proper penalty be imposed. This being so, his right to have the judgments rendered within a reasonable time must be deemed waived, and the court retained jurisdiction to render them notwithstanding the lapse of a longer period than was reasonable. *Zerbst* v. *Nahas* (1933) 67 Fed. (2d) 742. To the same effect, see *Miller* v. *Aderhold,* 288 U.S. 206, 77 L. ed. 702."*

The lower court did not err in dismissing the jurisdictional question raised; but it did commit prejudicial error in refusing to admit the evidence offered by the defendant which tended to prove the obstruction of the public road. If, as the defendant sought to prove, the fence prevented passage over a public road, the tearing down of such fence in the circumstances in which the defendant is claimed to have acted, did not constitute, as we shall see, a public offense. It is not the mere fact of tearing down a fence or pailing without the consent of the owner or of the person in charge thereof what constitutes the crime defined by § 519 of the Penal Code, but the tearing down of the fence or pailing without such consent in order *to make passage through an enclosure.* Section 256 of the Civil Code provides that property of public use in Puerto Rico comprises Insular and *local* roads, the squares, streets, etc.; and § 274 of the same code provides that property of public use is not susceptible of private ownership so long as it is applied for public purposes.

---

* NOTE.—This is a revised translation of the original Spanish text.

Since the road in question, as the defendant sought to prove, is a municipal road, the use and enjoyment of which, as stated in said § 274, belonged to all men, the complainant had no right to obstruct it by fencing it so as to convert it into his private property. Consequently, the defendant did not destroy the fence *to make passage through an enclosure,* but to exercise the right which every person has to pass over a public road. The defendant was not obliged to resort to the courts in order to exercise his right of passage over the road, and accordingly he was entitled to tear down the fence without any judicial intervention, provided that in so doing he did not commit a breach of the peace.[1] See by analogy the case of *State* v. *Headrick,* 67 Am. Dec. 249, and the doctrine set forth in 20 R.C.L. 489 and cases cited therein.

The error committed in rejecting the evidence in question prejudiced the substantial rights of the defendant, and for that reason the judgment appealed from must be reversed and the case remanded to the lower court for a new trial.

---

[1] We do not, of course, refer to those cases in which a public road or way has been closed by competent authority for making repairs or for any other reason.