### COLLINS et al. v. UNITED STATES.
### No. 10846.

Circuit Court of Appeals, Ninth Circuit.

March 14, 1945.

David H. Cannon and Ben L. Blue, both of Los Angeles, Cal., for appellants.

Charles H. Carr, U. S. Atty., James M. Carter and Llewellyn J. Moses, Asst. U. S. Attys., all of Los Angeles, Cal., and J. Leonard Townsend, Securities and Exchange Commission, of Philadelphia, Pa., for appellee.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants, James H. Collins, Sidney Fischgrund and Christopher E. Schirm, were indicted and tried for, and were found guilty of, violating § 37 of the Criminal Code, 18 U.S.C.A. § 88, by conspiring to violate § 17(a) (1) of the Securities Act of 1933, 15 U.S.C.A. § 77q(a) (1), and to violate § 215 of the Criminal Code, 18 U.S.C.A. § 338. Motions for a new trial and in arrest of judgment were made and denied, and appellants were brought before the court for sentence, whereupon the court said: "It is the judgment of the court that the imposition of the sentence in this case will be suspended for one year for each of you. I think under all the circumstances of the case that you all have been punished sufficiently in the length of time the case has dragged out in the courts. I think that is punishment enough for anybody."

Thereupon the court signed and caused to be filed three so-called judgments—one for each appellant—each reading as follows: "It is by the court ordered and adjudged that the imposition of sentence is suspended one year." From these so-called judgments appellants appealed. Appellee, the United States, has moved to dismiss the appeals on the ground that the so-called judgments were not appealable.

Section 1 of the Act of March 4, 1925, c. 521, 43 Stat. 1259, 18 U.S.C.A. § 724, provides that "The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best;" but this statute does not, nor does any other statute, empower any court of the United States to suspend the imposition or execution of sentence without placing the defendant upon probation. A "judgment" purporting so to do is void.[1]

A judgment suspending the imposition of sentence and placing the defendant upon probation is a final decision, within the meaning of § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), and hence is appealable;[2] but a "judgment" purporting to suspend the imposition of sentence without placing the defendant upon probation—thus purporting to do what is legally impossible—is, properly speaking, no judgment at all, is not a final decision and is not appealable.[3]

The so-called judgments here appealed from purported to suspend the imposition of sentence without placing appellants upon probation. Therefore they were not final judgments or decisions and were not appealable.

Dismissal of these appeals will in no way prejudice appellants' right to request the court below to enter a final judgment or judgments in this case[4]—a request which should have been made and should have been complied with long ago—or their right to appeal therefrom.

Appeals dismissed.

[1] Hodges v. United States, 10 Cir., 35 F.2d 594, 595. See, also, Ex parte United States, 242 U.S. 27, 40–52, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann. Cas.1917B, 355; Miller v. Aderhold, 288 U.S. 206, 209, 53 S.Ct. 325, 77 L.Ed. 702.
[2] Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497.
[3] Miller v. Aderhold, supra.
[4] Miller v. Aderhold, supra.