### UNITED STATES v. WILFONG et al.

#### Cr. No. 4403.

United States District Court
W. D. Michigan, S. D.

Jan. 23, 1951.

898

Joseph F. Deeb, U. S. Atty., Grand Rapids, Mich., for plaintiff.

George M. Wilfong in pro. per.

STARR, District Judge.

On jury trial in this court George M. Wilfong and his codefendant, Bernard G. McGuire, were convicted on May 10, 1938, of the robbery of a national bank and of assault. The next day, May 11th, they were each sentenced to a term of 25 years and were immediately transported to a Federal prison.

In 1946, in habeas corpus proceedings instituted by said defendants, their convictions were upheld, but the sentences imposed upon them were declared void on the ground that their counsel was not present in court at the time the sentences were pronounced. See Wilfong v. Johnston, Warden, 9 Cir., 156 F.2d 507, and McGuire v. Hunter, Warden, 10 Cir., 151 F.2d 188. (See also unpublished opinion of Judge Mellott filed July 10, 1946, in the case of Bernard G. McGuire v. Walter A. Hunter, Warden, Habeas Corpus No. 780, D.C. Kansas.) In the Wilfong case the Court of Appeals said, 156 F.2d at page 510: "In this case we find the conviction valid but the sentence void and in conformity with the practice which has been uniformly followed since the case of In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149, it is ordered that the judgment of the District Court dismissing the writ of habeas corpus be modified so as to require that the petitioner be returned to the United States District Court for the Western District of Michigan for judgment and sentence upon the verdict of guilty heretofore returned

in said court and cause, and for such other proceedings subsequent thereto as he is legally entitled to and may desire to initiate."

Both defendants were returned to this court for correction of their respective sentences, and on September 9, 1946, with their counsel present, each defendant was sentenced by Judge Frank A. Picard to a prison term of 25 years, with credit thereon for the time served prior to that date.

It appears that on August 22, 1946, prior to their being resentenced, defendants Wilfong and McGuire filed a motion for a new trial and therein asserted eleven grounds as a basis for their motion. Immediately following the resentence of the defendants on September 9, 1946, Judge Picard denied their motion for a new trial, and on appeal the order of denial was affirmed by the Court of Appeals for the Sixth Circuit, and application to the Supreme Court of the United States for certiorari was denied. McGuire v. United States, 333 U.S. 846, 68 S.Ct. 648, 92 L.Ed. 1129, rehearing denied 333 U.S. 878, 68 S.Ct. 896, 92 L.Ed. 1154.

On August 21, 1950, defendant Wilfong, who is now confined in the United States penitentiary at Alcatraz, California, filed a motion in this court to set aside the judgment and sentence entered September 9, 1946, and for a release from prison, on the ground that such judgment and sentence were void because he had been deprived of his constitutional right to file a motion for a new trial within three days after the return of the jury's verdict of guilty on May 10, 1938, as provided in Rule 2(2) of the Rules of Criminal Procedure after Verdict, 18 U.S.C.A. following § 688,[1] which were in effect at that time.

▉ In his motion and supporting brief Wilfong contends that his removal to a Federal prison immediately following his

<hr />

1. Rule 2. " * * * (2) Save as provided in subdivision (3) of this Rule, motions in arrest of judgment, or for a new trial, shall be made within three (3) days after verdict or finding of guilt."

Rule 33, Federal Rules of Criminal Procedure, effective March 21, 1946, pro-

vides that a motion for a new trial based on grounds other than newly discovered evidence may be made within five days after verdict or finding of guilty, or within such further time as the court may fix during the five-day period.

sentence on May 11, 1938, prevented him from communicating with his attorney and from filing a motion for a new trial within the three-day period after the return of the jury's verdict on May 10, 1938; that the court had no jurisdiction to hear his motion for a new trial on September 9, 1946, because more than three days had passed since the return of the jury's verdict; that he was thus denied due process of law; and that the judgment and sentence imposed in 1946 were, therefore, void. It may be noted that in his present motion Wilfong states that his motion for a new trial made and denied in 1946 "was in fact the exact motion that would have been made by (his) counsel within three days following the verdict" of the jury on May 10, 1938. It is apparent that Wilfong is now taking a position directly *contra* to that asserted by him in 1946; that is, he then contended that the court had jurisdiction to hear and determine his motion for a new trial regardless of the fact that more than three days had elapsed since the return of the jury's verdict of guilty in 1938; while he now contends that the court was without jurisdiction at that time because, under the above-cited Rules of Criminal Procedure after Verdict in effect in 1938, the time within which the court could hear a motion for a new trial was limited to three days. His argument is ingenious but is clearly without merit. Having invoked the jurisdiction of this court to hear his motion for a new trial in 1946, he is estopped from now asserting that the court was without jurisdiction at that time.

■ The rule is well established as stated in Wilson v. Bell, 6 Cir., 137 F.2d 716, 720, that "where a void order has been entered in a criminal case, the effect is the same as if no order at all had been made, 'and the case necessarily remains pending until lawfully disposed of by sentence.' Miller v. Aderhold, 288 U.S. 206, 211, 53 S.Ct. 325, 326, 77 L.Ed. 702." In Hammers v. United States, 5 Cir., 279 F. 265, 266, the court said: "The imposition of a void sentence is not an obstacle to the assumption by the court which imposed it of jurisdiction of the convict, in order that a legal sentence may be imposed. Where

there is a conviction, accompanied by a void sentence, the court's jurisdiction of the case for the purpose of imposing a lawful sentence is not lost by the expiration of the term at which the void sentence was imposed. The case is to be regarded as pending until it is finally disposed of by the imposition of a lawful sentence."

■■ The sentence imposed upon Wilfong on May 11, 1938, was void, and the case remained pending until finally disposed of by his resentence on September 9, 1946. The three-day period after the return of the jury's verdict, during which he might have made a motion for a new trial, could not pass as the entire proceeding was suspended from the moment the void sentence was pronounced. It is clear that the court had jurisdiction to hear his motion for a new trial on September 9, 1946, and its denial of that motion, which was affirmed on appeal, is now *res adjudicata*. The court concludes that Wilfong was not denied due process of law.

■ Title 28, United States Code Annotated, § 2255, provides in part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * *

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

Wilfong's present motion and the files and records of this case conclusively show that he is not entitled to the relief requested, and that his motion is wholly without merit. In view of these facts the court under section 2255 quoted above is not required to grant a hearing on the motion or to make findings of fact and conclusions of law.

For the reasons stated herein, defendant's motion to vacate and set aside the judgment and sentence entered September 9, 1946, is denied, and an order will be entered accordingly.