UNITED STATES, Appellee

v.

DONALD CLAYTON PHILLIPS, Teleman Third Class,
U. S. Navy, Appellant

1 USCMA 349, 3 CMR 83

No. 389

Decided May 1, 1952

CDR. Raymond W. Glasgow, USN, for Appellant.
LTJG. Robert Emmet Dunne, USNR, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused in this case was tried on November 6, 1951, by general court-martial at New Orleans, Louisiana, and was found guilty of desertion. He was sentenced to a bad-conduct discharge, reduction in rate to teleman seaman recruit, total forfeiture of pay, and confinement at hard labor for one year. The convening authority reduced the period of confinement and forfeitures to 10 months, and suspended the bad-conduct discharge for the period of confinement and 6 months thereafter. The board of review approved the bad-conduct discharge as suspended, but reduced the confinement to 6 months and the forfeiture of pay to $60 per month for a like period, holding that the action taken on the sentence by the convening authority was illegal. The following reasoning was adopted by the board of review:

"MCM, 1951, 88c, provides that the convening authority may approve a part of a sentence adjudged by a court-martial, but the sentence approved by him must be one that the court might have imposed in the case. 88c supra, provides that a part of a sentence should not be suspended if it would be contrary to the customs of the service to execute the portion of the sentence that remains unsuspended. 127b, supra, provides that a court shall not, by a single sentence that does not include punitive discharge, adjudge against an accused:

Confinement at hard labor for more than 6 months; forfeiture of pay at a rate greater than 2/3 of his pay per month; forfeiture of pay in an amount greater than 2/3 of his pay for 6 months. In order to satisfy the foregoing provisions of MCM, 1951, we are of the opinion that the convening authority should have, upon suspending the bad conduct discharge, mitigated the confinement and forfeiture."

The case was certified to us by The Judge Advocate General of the Navy on the following issue:

"As a matter of law is a convening authority, at the time he suspends an adjudged bad-conduct discharge on probation, required to reduce a period of confinement to hard labor to not more than six months and reduce total forfeitures to an amount not exceeding two-thirds of monthly pay for six months?"

The accused contends in his brief that a bad-conduct discharge suspended for a probationary period is not a punitive discharge within the meaning of the term as used in Paragraph 127b of the Manual, and that confinement and forfeiture in excess of 6 months could not, therefore, have been approved. We disagree with the premise. Black's Law Dictionary defines "suspend" as to interrupt, to postpone, to stay, delay, hinder, or discontinue temporarily (p. 1615). On the other hand, to "remit"

is to give up, to annul, to relinquish (p. 1458). A suspended sentence is, therefore, one which is merely postponed, not annulled. The suspended sentence remains valid and will be executed if misconduct occurs during the period of suspension. As said in Roberts v. United States, 320 US 264, 267, 88 L ed 41, 43, 64 S Ct 113;

"Neither probation nor suspension of execution rescinded the judgment sentencing petitioner to imprisonment; the one merely ordered that petitioner be released under the supervision of probation officials, the other that enforcement of his sentence be postponed. Upon their revocation, without further court action, the original sentence remained for execution, as though it had never been suspended."

See also Miller v. Aderhold, 288 US 206, 211, 77 L ed 702, 705, 53 S Ct 325 (1933); Hall v. McGowan, 174 F2d 902, (1949), (CA 8th Cir). The legal effect of suspending the bad-conduct discharge is, therefore, merely to postpone its execution. The sentence as approved still includes a punitive discharge and paragraph 127b does not prohibit confinement or forfeitures for a period of longer than 6 months.

The accused, however, relies in the alternative upon Paragraph 88e of the 1951 Manual, which provides as follows:

"A part of a sentence should not be suspended if it would be contrary to the customs of the service to execute the portion of the sentence that remains unsuspended. For example, with respect to a sentence of dishonorable or bad conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor, it would be contrary to the customs of the service to suspend the execution of the punitive discharge and the confinement and order the total forfeitures into execution."

The accused submits that the action of the convening authority in suspending the bad-conduct discharge, but at the same time directing confinement and forfeiture for a period of 10 months, is contrary to the customs and policy of the Navy Department. In support of this contention. he cites CMO 7, 1921, page 15; CMO 8, 1921, page 14; CMO 2, 1943, page 93; CMO 7, 1949, page 152; and CMO 4, 1951, page 112. None are in point. In all except CMO 7, 1949, page 152, a sentence of confinement at hard labor was given without the inclusion of a dishonorable or bad-conduct discharge. In CMO 7, 1949, page 152, the bad-conduct discharge was remitted subject to probation during confinement and 6 months thereafter, provided, however, that should the accused make written request to his commanding officer during the confinement to be discharged from the service he shall be discharged by his commanding officer in accordance with the terms of his sentence at the expiration of the period of his confinement without further reference to the Navy Department. In that case it was held that Naval Courts and Boards, § 476, places the authority to terminate probation in the commanding officer and there is no provision in naval law authorizing such termination at the option of the probationer, since probation shall be vacated only for acts of misconduct on the part of the accused which are considered by the commanding officer to be of such a serious nature that vacation of probation is appropriate and in the best interest of the Navy.

We find no other official reflections of Navy policy on this point, and conclude, therefore, that the sentence is not violative of paragraph 88e.

It is the opinion of the Court that the sentence as approved by the convening authority is legal. The question certified is answered in the negative and the case is remanded to The Judge Advocate General of the Navy for appropriate action not inconsistent with the views expressed herein.

Judges LATIMER and BROSMAN concur.