THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* TEÓGENES RODRÍGUEZ PÉREZ, Defendant and Appellant.

No. 15376.   Argued May 6, 1953.—Decided April 14, 1954.

*Jaime A. García Blanco* for appellant. *José Trías Monge, Attorney General, J. Rivera Barreras, Fiscal for the Supreme Court,* and *Rafael L. Ydrach Yordán, Assistant Fiscal for the Supreme Court,* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On August 16, 1950, after trial by a court without a jury, appellant was found guilty of the infamous crime against nature. The 21st of that same month was set by the Court for the pronouncement of sentence. On that day,

on motion of the defendant, pronouncement was postponed until the 28th.[1]

On October 6, 1950, after a series of postponements ordered by the court on motion of the defendant—enumerated in footnote 1—the latter moved that his case be referred to the probation officer in order that it be determined on his report whether or not he could avail himself of the benefits granted by the Suspended Sentence Act—Act No. 259 of April 3, 1946 (Sess. Laws, p. 534) as amended by Act No. 177 of May 4, 1949 (Sess. Laws, p. 556).[2] The motion was granted, and the Court ordered that as soon as the report was made it be submitted to the court in order to set a date for pronouncement of sentence.

It was not until August 21, 1951 that the trial court finally rendered judgment imposing on defendant an indeterminate sentence of from one year to a year and one month imprisonment in the penitentiary.[3]

On appeal to this Court, appellant contends, as sole error, that the trial court acted "without jurisdiction and legal authority" in sentencing him eleven months after it had found him guilty of the charge and after "having been on probation during the aforesaid term."

▇▇▇ Appellant's assertion that from October 6, 1950,

---

[1] On this occasion, again on motion of the defendant, the court once more postponed pronouncement of sentence until September 4 following, on which day, unless the motion for new trial announced by the defense were filed, it would proceed to render judgment. After that motion was filed, a hearing was set for the 12th of the month, on which date it was submitted for decision, and dismissed on the 22nd. When a new date was set for the pronouncement of sentence, September 29, 1950, defendant again moved for postponement, the court granting the motion again and setting October 6 following.

[2] The infamous crime against nature was expressly excluded from the benefits of probation by the amendment to Act No. 177 of May 4, 1949 in force at the date of the occurrences in the instant case, October 28, 1949.

[3] On that occasion the trial judge stated:

". . . Having both parties introduced their evidence, the Court found defendant guilty and convicted of the infamous crime against nature. Subsequently, the defendant, through Lic. García Blanco filed a Motion for New Trial which was dismissed. The issue thus joined, inasmuch as

when the trial court, at his own behest, referred the case to the probation officer for study, until August 21, 1951, when judgment was rendered, he was in "a probation period," as well as the statement of the court, that in rendering judgment, it was imposing on defendant a minimum term because it considered as a mitigating circumstance, among others "the fact that this defendant has practically served the sentence imposed on him by the court by serving the administrative probation period imposed on him by the then Attorney General," while the approval of an amendment to the Suspended Sentence Act was pending, has no legal basis. Notwithstanding the laudable purpose which prompted the court to consent to the defendant's improper motion to have the case referred to the probation officer in order that the latter submit a report as to whether or not defendant could avail himself of the benefits of that Act, it had no authority, under the law in force to grant him any probation status whatever —judicial or administrative—by suspending the pronouncement of sentence, which the latter statute in nowise authorizes, nor to suspend its effects after pronouncement of sentence, which is forbidden by law in cases of this nature. But appellant, who at his own instance prompted the court to err, can not complain now of his own act nor may he take advantage of a situation which he himself provoked, and

---

the court was notified by the Department of Justice of a possible amendment to the Suspended Sentence Act for the purpose of extending its benefits to students convicted of this kind of crime, we reserved the pronouncement of sentence until now when we shall proceed to do so, inasmuch as the amendment in question was not approved.

" . . . . . . . .

"The mitigating circumstances that the court has considered for the imposition of this minimum sentence are: the tender age of the defendant; his 'status' as a high school student; the purpose of preventing the least possible contact by the defendant with criminal adults, and the fact that this defendant has practically served the sentence of the court by serving an administrative probation period imposed on him by the then Attorney General of Puerto Rico, Hon. Vicente Géigel Polanco, while approval of the amendment to which we have referred was pending, a fact which we greatly regret."

which, far from aggrieving him, tended to benefit him. *Cf. Padilla v. People,* 42 P.R.R. 876.

The order of the court referring the case to the probation officer, with the subsequent delay in rendering judgment during the aforesaid period, does not have the juridical effect attributed to it by the appellant, that is, that when he was finally sentenced the court acted "without jurisdiction and legal authority."

His argument rests on the theory that a court's delay in pronouncing sentence deprives it of jurisdiction or authority to render it unless the delay is justified. Appellant relies on §§ 309, 318 and 319 of our Code of Criminal Procedure,[4] on citations of authorities of various states of the Union and on the cases of *The People v. Charón,* 7 P.R.R. 416 and *The People v. Acosta,* 10 P.R.R. 291. However, neither the Code nor the decisions of this Court invoked by appellant buttresses his contention that the trial court lacked jurisdiction or authority to sentence him when and as it did. The *Acosta* case which involved a different situation from the one raised here was expressly overruled by this Court in *De Jesús v. Ramírez, Warden,* 72 P.R.R. 281, 287. In the *Charón* case which construes § 309 of the Code of Criminal Procedure and which did not involve any action or conduct by the defendant whereby he waived his right to pronouncement of sentence in a felony case within a reasonable term, this Court stated that the delay in pronouncing sen-

---

[4] Section 309.—"After a plea or verdict of guilty, or after a verdict against the defendant on the plea of a former conviction or acquittal, if the judgment be not arrested or a new trial granted, the court must appoint a time for pronouncing judgment, which, in cases of felony, must be at least two days after the verdict, if the court intend to remain in session so long; but if not, then at as remote a time as can reasonably be allowed.

Secion 318.—"When the defendant appears for judgment he must be informed by the court, or by the clerk under its direction, of the nature of the charge against him, and of his plea, and the verdict if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him.

Section 319.—"If no sufficient cause is alleged or appears to the court why judgment should not be pronounced, it must thereupon be rendered."

tence, after the verdict (in a felony) was not justified, but it was not reversible error.

■ The underlying theory in this jurisdiction is that when defendant's conduct indicates that he has waived delay of the court in imposing judgment, it cannot be maintained that the court lost jurisdiction to render judgment notwithstanding the fact that a term longer than a reasonable time had elapsed. *People* v. *Lebrón*, 61 P.R.R. 634. *Cf. Ramos* v. *Rivera*, 68 P.R.R. 509. We conclude, however, in accordance with the federal rule which we regard as the better view, that the jurisdiction of the trial court is not exhausted until a valid sentence is pronounced, retaining its authority for rendering judgment, notwithstanding the fact that there has been a void order suspending the execution of the sentence. *Miller* v. *Aderhold*, 288 U. S. 206, 77 L. Ed. 702. See also annotations in 97 A.L.R. 802, 3 A.L.R. 1003, and 33 L.R.A. (N.S.) 112. *Cf. Hodges* v. *United States*, 35 Fed. 2d 594.

Since the error assigned was not committed the judgment will be affirmed.