## HOLT *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 31, October Term, 1956.]

*Decided October 9, 1956.*

Before Brune, C. J., and Collins, Henderson and Hammond, JJ.

Henderson, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus*. Petitioner was tried along with three other persons in the Circuit Court for St. Mary's County on two separate indictments for grand larceny and breaking and entering. He was arraigned on the first indictment on December 16, 1953, and he claims that he pleaded not guilty, but was never tried. On the second, he was arraigned on December 16, 1953, and pleaded not guilty. However, on March 3, 1954, he changed his plea to the second indictment to guilty, and on April 21, 1954, was sentenced to ten years in the Penitentiary, to run consecutively with the sentence in the first case. On the same day he was sentenced to fourteen years in the first case.

The chief contention is that petitioner was never tried in the first case. He presents a copy of the docket entries in the first case, reading "Plea: Not Guilty. (No Bond)". This was certified by the clerk under the court seal on December 20, 1954. However, the clerk certified in response to a letter dated June 26, 1956, from Judge George Henderson, to whom an application for a writ was referred, that this line read: "Plea:

Guilty to First Count; Not Guilty to Second Count. (No bond)". No explanation was offered by the clerk as to why the copy supplied to the prisoner should have been different from that supplied to the court. Perhaps it was an error in transcription. In any event we must assume that the latest certificate correctly states the fact. It seems inconceivable that the judge would have imposed a consecutive sentence, if there had been no plea of guilty in the first case. We have recognized the inherent right of a court to alter commitments or clerical errors in the docket entries to make them conform to the truth. Cf. *Lewis v. Warden*, 203 Md. 676, and *Madison v. State*, 205 Md. 425, 431. If petitioner pleaded guilty in the first case, as he certainly did in the second, he cannot complain that no evidence was produced against him.

Petitioner also claims he was indicted in what was a non-jury term of court. But obviously, a grand jury can be re-called at any time, and the point is not open on *habeas corpus* in any event. The court did not lose its jurisdiction to impose sentence in the first case, by the delay and end of the term of court. Cf. *Miller v. Aderhold*, 288 U. S. 206, and cases cited.

*Application denied, with costs.*